Anita M. WILLIAMS, Plaintiff,

v.

WESTERN ELECTRIC CORP., INC., Defendant.

Civ. A. No. 83–0133–N.

United States District Court, D. Massachusetts.

Feb. 29, 1984.

---

Richard L. Vitali, Peralta, Gilligan & Vitali, Lynn, Mass., for plaintiff.

Richard P. Ward, John Mason, Ropes & Gray, Boston, Mass., for defendant.

## ORDER

DAVID S. NELSON, District Judge.

This is a civil action for alleged breach of the express and implied provisions of a collective bargaining agreement between the defendant, Western Electric Company, and Local 1365 of the Communications Workers of America (Union). Plaintiff, Anita Williams, a member of the Union, filed the action in the Essex Superior Court. Count I of the complaint alleges that Western Electric breached "any and all agreements and arrangements between it as employer and plaintiff as employee." Count II further alleges that in breaching said agreements and arrangements, Western Electric had intentionally inflicted emotional distress on the plaintiff, ultimately causing her damages in the amount of $100,000. Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(b) and § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Western Electric has now moved to dismiss the complaint under F.R.C.P. 12(b)(1) or 12(b)(6) or, in the alternative, for summary judgment.

The file establishes that on or about August 29, 1977, defendant hired Mrs. Williams to perform work as an electronic assembler and wireman. She worked for Western Electric until December 18, 1980. During this period, plaintiff was regularly and frequently absent from work for health reasons.

In 1979, defendant gave plaintiff a formal warning about her poor attendance and notified her that the next action would be a review for termination. On April 3, 1980, Western Electric's Absence Control Board met to consider a termination review for Mrs. Williams. The Board decided to place her on probation and she was informed on April 4, 1980 that termination would result if her unsatisfactory attendance continued. Finally, on December 18, 1980, the Absence Control Board unanimously voted to terminate plaintiff for poor attendance. At that time, plaintiff alleges, the Board promised to rehire her upon the production of medical evidence that she was fit to return to work. When she produced such evidence, plaintiff further alleges, Western Electric did not abide by its promise and refused to hire her.

The terms and conditions of employment at Western Electric were exclusively covered by a collective bargaining agreement between Western Electric and the Union. Mrs. Williams was a member of the Union when she was discharged in 1980. The agreement, in Article 10, establishes the general grievance procedure to be followed with respect to wages, hours of work, and other conditions of employment. Article 28, which governs the suspension and termination of employees, provides that the Union may question the justification of the action taken and "any such question shall be considered in accordance with the grievance procedure prescribed in ARTICLE 10."

Immediately following plaintiff's termination, the Union prosecuted a grievance under the agreement on her behalf through the initial three steps of the grievance procedure. After the denial of the grievance at the third step on January 6, 1981, the Union took no further action to prosecute Mrs. Williams' grievance.

Defendant Western Electric urges two separate grounds for dismissal of the action, namely, failure of the plaintiff to commence the action within the six month limitations period provided by § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b),[1] and her failure, in Count I of the complaint, to allege that the Union breached its duty of fair representation. Count II is also banned, defendant argues, by the Massachusetts Workmen's Compensation Act since plaintiff's alleged injuries arose out of and in the course of her employment.

▮▮▮ In *DelCostello v. Intl. Brotherhood of Teamsters et al.,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that the six month limitations period of 29 U.S.C. § 160(b) applied to an employee's suit against his employer for breach of the collective bargaining agreement, and those against the union for breach of its duty of fair representation. A review of the file indicates that the last and final adjudication of plaintiff's grievance occurred on January 6, 1981, more than six months prior to plaintiff commencing this action in the Superior Court on December 28, 1982. Inasmuch as the *DelCostello* ruling may be applied retroactively in these circumstances, *see Kilgore v. Penn Truck Aids, Inc.,* C.A. No. 81–960–N (Sept. 8, 1983) and *Scaglione v. Communications Workers of America,* C.A. No. 79–1044–Z (Nov. 18, 1983), I rule that this action is time-barred.

▮▮▮ Defendant has also based its motion on a separate and independent ground, namely, that because plaintiff in substance alleges facts which make it obvious that her complaint arises under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), she does not allege facts which give rise to a cause of action under the statute. Western Electric contends, correctly, that the prerequisite to an employee's suit in federal court against his employer for breach of a collective bargaining agreement is exhaustion of all grievance or arbitration remedies provided in the agreement. An exception to the exhaustion requirement is available when the employee alleges that the union representing him acted in a "discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *DelCostello,* 103 S.Ct. at 2290. Defendant's position is squarely supported by the opinion of the First Circuit Court of Appeals in *Hayes v. New England Millwork,* 602 F.2d 15, 18 (1979): "absent an allegation in the complaint either that the employer repudiated the grievance procedures or that the union wrongfully refused to process the employee's grievance through arbitration, the court, 'may not usurp those functions which collective-bargaining contracts have properly' 'entrusted to the arbitration tribunal.'" The complaint in the instant case contains no allegation that the company in any way frustrated the grievance process, nor does it allege bad faith, discrimination, or arbitrariness on the part of the Union.

---

1. *See DelCostello v. Intl. Brotherhood of Teamsters et al.,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

Plaintiff's attempts to characterize her action as a common law breach of contract claim under state law cannot and does not operate to change the fact that her claims arise, if at all, under 29 U.S.C. § 185(a). Indeed, even if I were persuaded by plaintiff's argument that her suit is based simply upon defendant's alleged promise to rehire her, the collective bargaining agreement would govern the case since it applies to "other conditions of employment." *See Ferrante v. Western Electric Co.*, C.A. No. 81–3004–Z (Apr. 29, 1983) (rejecting plaintiff's attempt to rely on a common law good faith duty where collective bargaining agreement existed, and holding that such a duty exists, if at all, only as part of the agreement).

Count II of the complaint alleges that by engaging in the conduct described herein, defendant Western Electric intentionally inflicted emotional distress on plaintiff. Inasmuch as I agree with both defendant's limitations and jurisdictional arguments, I am compelled to dismiss this pendent claim as well. Accordingly, I rule that defendant's motion to dismiss should be ALLOWED.

Complaint DISMISSED.