**Frederick J. KNEELAND, Plaintiff,**

v.

**PEPSI COLA METROPOLITAN COMPANY, INC., et al, Defendants.**

Civ. A. No. 82–2527–Mc.

United States District Court, D. Massachusetts.

March 20, 1985.

William S. Swartz, Walter T. Radulski, Lowell, Mass., for plaintiff.

Edward R. Lev, Louis A. Rodrigues, Sullivan & Worcester, Boston, Mass., Joseph W. Dorn, Martin M. McNerney, David C. Palmer, Kilpatrick & Cody, Washington, D.C., for defendants.

MEMORANDUM AND ORDER

McNAUGHT, District Judge.

The defendant's motion for summary judgment in this action is predicated upon two statutes of limitations: [1] the thirty-day statute of limitations for the vacation of arbitration awards set forth in Mass.

Gen.Laws c. 150C § 11(b) and [2] the six-month statute of limitations set forth in Section 10(b) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(b), applicable to suits brought under Section 301 of the Act against an employer for breach of a collective bargaining agreement. This action is based upon an alleged violation—wrongful discharge from employment—of the collective bargaining agreement between Pepsi-Cola Metropolitan Bottling Company, Inc. ("Pepsi-Cola") and the New England Joint Board of Retail, Wholesale, and Department Store Union, AFL–CIO, and Local No. 513 of that union ("Local 513").

On July 3, 1981, the plaintiff, Frederick J. Kneeland, resigned as a route salesman from Pepsi-Cola. For the approximately ten years he had worked at Pepsi-Cola's Allston, Massachusetts plant, he was represented by Local 513, and his wages, hours and other terms of employment were covered by the contract between Pepsi-Cola and Local 513. The plaintiff alleges in the complaint that on or about June 29, 1981, the defendant breached the contract by "maliciously and arbitrarily terminat(ing) the Plaintiff's employment through the acts of its agents, ... Terrance J. Ryan and Lawrence J. Edwards." On that date he was discharged for dishonesty and falsification of records. In order to contest this discharge, Kneeland requested and the president of Local 513, Edward McGovern, scheduled a hearing with the Pepsi-Cola officials in accordance with Article XIII of the contract. At that hearing on July 3, 1981, after a review of the evidence, McGovern informed Kneeland that, given the evidence presented, Local 513 would not take the case to arbitration and that he might not receive any severance pay unless he resigned. The plaintiff then signed a statement resigning from Pepsi-Cola, effective June 29, 1981. He did not file a grievance. On July 27, 1982, he filed the complaint in this action.

The question before the Court on this motion for summary judgment is whether this action, filed more than a year after the event in question, is barred by any applicable statute of limitations. The defendant characterizes the plaintiff's employment relationship with Pepsi-Cola as being "based upon a collective bargaining agreement between an 'employer,' Defendant Pepsi-Cola, and a 'labor organization,' Local 513, as those terms are defined under the NLRA." From this, it concludes that the plaintiff is essentially alleging a violation of the collective bargaining agreement which must be brought under Section 301 of the NLRA and is controlled by federal, not state, law. *Teamsters, Local 174 v. Lucas Flour,* 369 U.S. 95, 103–104, 82 S.Ct. 571, 576–577, 7 L.Ed.2d 593 (1962); *Textile Workers v. Lincoln Mills,* 353 U.S. 448, 456–457, 77 S.Ct. 912, 917–918, 1 L.Ed.2d 972 (1957). The defendant cites several cases for the proposition that even though the counts of the complaint are described in state law breach of contract terms, the cause of action nevertheless arises under Section 301: *Robbins v. George W. Prescott Publishing Co.,* 91 Lab.Cas. (CCH) ¶ 12,816 (D.Mass. 1980) ("Federal labor law governs whenever an action concerns rights arising under a collective bargaining agreement, whether or not the action is brought under § 301."); *Avco Corp. v. Aero Lodge,* 376 F.2d 337, 340 (6th Cir.1967), *aff'd,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) ("The force of Federal preemption in this area of labor law cannot be avoided by failing to mention Section 301 in the complaint."); *United Rubber, Cork, Linoleum and Plastic Workers of America, AFL–CIO v. Great American Industries, Inc.,* 479 F.Supp. 216, 224 (S.D.N.Y.1979) ("Turning first to the alleged breach of the Bargaining Agreement, ... federal substantive law must govern its adjudication ... even where, as in the case at bar, a claim arising out of a breach of a collective bargaining agreement is couched in terms of a common law contract action.")

Initially, the defendant argued that since Congress did not specify a statute of limitations to govern suits under Section 301, the question of whether a Section 301 suit is time-barred must be determined, as a matter of federal law, by applying the appro-

priate state statute of limitations. *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966); *Locals 2222, 2320–27, IBEW v. New England Tel. and Tel. Co.*, 628 F.2d 644, 650 (1st Cir.1980). In applying that proposition, the Supreme Court held in *United Parcel Services, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), that a suit by an employee against an employer under Section 301 is most closely analogous to an action to vacate an arbitration award and that, therefore, the state's statute of limitations for vacating an arbitration award should be applied. Specifically, the First Circuit decided that the most appropriate statute of limitations applicable to Section 301 actions arising in Massachusetts is the thirty-day state statute for the vacation of arbitration awards. *McNutt v. Airco Indus. Gases Div.*, 687 F.2d 539, 542 (1st Cir.1982), citing Mass.Gen.Laws c. 150A § 11(b).

In a more recent case, *DelCostello v. International Brotherhood of Teamsters, et al*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), however, the Supreme Court held that the six-month statute of limitations set forth in Section 10(b) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(b), applies to wrongful discharge actions under Section 301 brought against an employer for breach of a collective bargaining agreement. Where the assertion of state law claims are in substance Section 301 claims, Judge Nelson held that *DelCostello* may be applied retroactively to bar such claims. *Voda v. New England Telephone and Telegraph Co.*, 580 F.Supp. 852, 854 (D.Mass.1984); *Williams v. Western Electric Corp., Inc.*, 580 F.Supp. 1462, 1464 (D.Mass.1984).

The plaintiff argues that this Court should follow the lead of the Ninth Circuit, *McNaughton v. Dillingham Ship Repair*, 722 F.2d 1459 (9 Cir.1984) and *Edwards v. Teamsters Local 36*, 719 F.2d 1036 (9 Cir. 1983), and decline to apply *DelCostello* retroactively because "(i)t would.... produce the most 'substantial inequitable results' ... to hold that the respondent 'slept on his

rights' at a time when he could not have known the time limitation that the law imposed on him." *Id.*, at 3230, quoting *Chevron Oil Co. v. Huson*, 404 U.S. 97, 108, 92 S.Ct. 349, 356, 30 L.Ed.2d 296 (1971). This argument is unpersuasive because *DelCostello* did not shorten the statute of limitations period but instead actually extended it from thirty days to six months.

 The plaintiff further contends that, even if Count I of the complaint is time-barred by retroactive application of *DelCostello*, Counts II and III should not also be dismissed because they "state causes of action against two supervisory employees of Pepsi-Cola under state law (and, accordingly,) are governed by the three-year statute of limitations stated in G.L. c. 260, § 2A." Although the plaintiff attempts to couch Counts II and III in tort language as an action for malicious interference with contractual relations, Counts II and III do not state alternate grounds for relief since the supervisory employees were acting as Pepsi-Cola's agents in administering the collective bargaining agreement. They were not third parties tortiously interfering with the relationship between employer and employees to gain some personal benefit. As agents acting within the scope of their employment, they were the employer, and Pepsi-Cola is liable for their actions under the federal law governing collective bargaining agreements. Any state claims contained in Counts II and III are preempted by federal law, and all three counts are barred by the six-month statute of limitations set forth in Section 10(b) of the National Labor Relations Act.

Accordingly, since the plaintiff's claim, filed on July 27, 1982, more than a year after his resignation/termination, is barred by the six-month statute of limitations, the defendant's motion for summary judgment is granted.