770 F.2d 166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOE MIDDLETON, PLAINTIFF-APPELLANT,
v.
UNION CARBIDE CORP., DEFENDANT-APPELLEE.
 NO. 84-5215
 United States Court of Appeals, Sixth Circuit.
 7/22/85
 
 1
 E.D.Tenn.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: MARTIN and JONES, Circuit Judges; and SILER, Chief District Judge.*
 
 
 3
 The plaintiff appeals the summary judgment dismissing his action for breach of a collective bargaining agreement under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. The defendant now moves the Court for review of the district court's judgment under Rule 9(d)(2) or (3), Rules of the Sixth Circuit. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 4
 Despite the label the defendant gives to its motion, it is in reality a motion to affirm which is prohibited under the rules of this Court. See Rule 8(a), Rules of the Sixth Circuit. For that reason,
 
 
 5
 It is ORDERED that said motion be and it hereby is denied.
 
 
 6
 Such denial, however, does not prohibit the Court from sua sponte reviewing the merits of the appeal under Rule 9(a). We proceed to such a review.
 
 
 7
 The plaintiff was discharged from the defendant Company's employment on December 12, 1980 for negligent performance of his duties. Pursuant to the collective bargaining agreement and with the aid of his union, the plaintiff filed a grievance asserting his discharge was 'contrary to the intent of the . . . agreement and past practice.' After the Company rejected the grievance at steps two and three of the grievance procedures, the union decided not to pursue the matter to arbitration and voluntarily withdrew the grievance on January 26, 1981.
 
 
 8
 The plaintiff filed the present action on October 26, 1983 as a diversity action. In his one-page complaint, he claimed his discharge violated the 'employment contract' between the Company and himself. The district court viewed the action as one under Sec. 301, however, and granted summary judgment to the Company on alternative grounds. It first held the action barred by the plaintiff's failure to exhaust the grievance procedures of the bargaining agreement and his concomitant failure to allege a breach of the Union's duty of fair representation. See Vaca v. Sipes, 386 U.S. 171 (1967). It also held the action barred by the six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). This appeal followed.
 
 
 9
 We need address only the second of the district court's alternative holdings. In DelCostello v. Teamsters, 462 U.S. 151 (1983), the Supreme court held Sec. 10(b) applicable to hybrid Sec. 301/unfair representation actions. In Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc), this Court held the DelCostello decision was to be given retroactive application. Although the plaintiff brought this action against only the Company for breach of the collective bargaining agreement and did not assert unfair representation on the part of his union, he would nonetheless need to prove the latter in order to maintain his claim for the former. See DelCostello, 462 U.S. at 163-65. Moreover, the plaintiff's discharge was subject to the grievance procedures under the collective bargaining agreement--a fact evidenced by the grievance filed in this action. The action was therefore subject to the Sec. 10(b) six-month statute of limitations. See Kneeland v. Pepsi Cola Metropolitan Co., 605 F.Supp. 137 (D. Mass. 1985); Vecchione v. United Telephone Co., 584 F.Supp. 1161 (N.D. Ohio 1984); Harpp v. General Electric Co., 571 F.Supp. 426 (N.D. N.Y. 1983). Here, the plaintiff filed his complaint over two-and-a-half years after his cause of action arose. He does not assert nor does the record reveal any acts by the Company which would have caused the statute of limitations to be tolled. The action is therefore barred under Sec. 10(b).
 
 
 10
 The plaintiff seeks to avoid the application of Sec. 10(b) altogether by arguing his action is not one under Sec. 301, but is premised on Tennessee common law. We find this argument unpersuasive. The only employment contract between the plaintiff and the Company was that provided under the terms of the collective bargaining agreement. An action arising under a collective bargaining agreement is governed exclusively by federal labor law which preempts any state law which could otherwise provide a remedy. Avco Corp. v. Aero Lodge No. 735, IAM, 376 F.2d 337, 340 (6th Cir. 1967), aff'd, 390 U.S. 557 (1968); Olguin v. Inspiration Consolidated Copper Co., 740 F.2d 1468, 1472 (9th Cir. 1984); Eitmann v. New Orleans Public Service, Inc., 730 F.2d 359, 361-62 (5th Cir.), cert. denied, ---- U.S. ----, 105 S.Ct. 433, 83 L.Ed. 2d 359 (1984); Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980). The fact the complaint omitted any reference to Sec. 301 is irrelevant. Avco Corp., supra; Olguin, supra; Fristoe supra. The district court did not err in construing this action as brought under Sec. 301 and barred by Sec. 10(b).
 
 
 11
 Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. Accordingly,
 
 
 12
 It is ORDERED that the summary judgment entered for the defendant on February 10, 1984 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., U.S. District Judge for the Eastern and Western Districts of Kentucky, sitting by designation