David **MAGERER**, Plaintiff,

v.

**JOHN SEXTON & CO., and Robert Valley, Defendants.**

**Civ. A. No. 89–794–C.**

United States District Court,
D. Massachusetts.

Jan. 2, 1990.

Frederick Golder, Lynnfield, Mass., for plaintiff.

Kenneth Bello, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Senior District Judge.

The plaintiff, David Magerer, filed this action in the Superior Court of Massachusetts in Middlesex County on March 8, 1989. In the complaint, Magerer alleged that he was wrongfully terminated from his job by his employer, John Sexton & Co. ("Sexton"), and his supervisor, Robert Valley, the two defendants in this action. The complaint stated four separate state law claims: breach of employment contract, violation of public policy, violation of Mass. Gen.L. ch. 152, § 75B, and intentional interference with advantageous contract relations.

On April 12, 1989, the defendant Sexton removed the action to this Court pursuant to 28 U.S.C. § 1441. Sexton asserted that this Court had original jurisdiction over Magerer's claims under federal question jurisdiction. See 28 U.S.C. § 1331. Specif-

ically, Sexton claimed that federal labor law preempted Magerer's state law claims and, consequently, Magerer's claims actually presented a federal question for this Court. *See* 29 U.S.C. § 185; *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393–94, 107 S.Ct. 2425, 2430–31, 96 L.Ed.2d 318 (1987).

This case now appears before the Court on motions by the plaintiff and the defendants. Magerer has moved to remand this action to state court claiming this Court lacks subject matter jurisdiction. In response, Sexton has opposed the motion and filed a motion to dismiss or, in the alternative, a motion for summary judgment on all of Magerer's claims. The resolution of these motions presents three issues for this Court: first, whether this Court has removal jurisdiction over Magerer's cause of action; second, whether federal labor law preempts three of Magerer's state law claims; and third, whether Magerer properly states a common law claim for violation of public policy where the legislature has already provided for a statutory remedy.

I.

The relevant facts in this case are not in dispute. Sexton, a division of Rykoff–Sexton, Inc., operates a facility in Norwood, Massachusetts. Sexton employs truck drivers, warehouse workers, as well as shipping and receiving workers at this plant. These employees are part of a collective bargaining unit represented by the International Brotherhood of Teamsters Local No. 829 ("Local 829"). Sexton and Local 829 are parties to a collective bargaining agreement ("CBA") which covers all the employees.

The CBA provides that employees shall not be discharged without "justifiable" or "proper" cause. The CBA has procedures for grievance and arbitration of disputes concerning termination. Sexton employees are not protected by the CBA until they have completed a probationary period of 30 consecutive working days. After the probationary period, the employees are covered by all the terms and conditions of the CBA.

On April 10, 1988, Magerer began work as a food selector for Sexton. On May 3, 1988, Magerer was injured while on the job, and he subsequently missed three or four days of work. On July 26, 1988, Magerer was injured again, and he missed seven to ten days of work due to the injury. On August 3, 1988, Magerer returned to work and was terminated that day.

In the complaint, Magerer alleged that he was wrongfully discharged. Magerer claimed that he "performed his work in a good and competent manner," and that he "had never been warned, either orally or in writing that any of his work performance was deficient in any way." Further, Magerer alleged that "there are policies and procedures in place that an employee will not be terminated unless there is good cause or sufficient reasons." Magerer claimed that he was terminated "because he filed claims for Worker's Compensation with the Department of Industrial Accidents."

On the record before this Court, there is no evidence that Magerer ever submitted a grievance or requested arbitration under the CBA concerning his termination.

II.

The first issue before the Court is whether subject matter jurisdiction exists such that Magerer's state law claims can be removed to federal court. Magerer has filed a motion to remand this case to state court arguing, presumably, that no diversity or federal question jurisdiction exists.[1] In response, Sexton argues that at least one of Magerer's state law claims is completely preempted by federal labor law creating federal question jurisdiction suitable for removal. After reviewing the applicable law, the motion for remand should be denied.

The jurisdictional rules for removal are well established. Under 28 U.S.C.

1. Magerer did not file any memorandum of law in support of his motion for remand, and, consequently, the Court assumes that Magerer makes a general challenge to removal on jurisdiction grounds.

§ 1441(a), the defendant or defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The Supreme Court has recently discussed the rules for removal under section 1441:

> Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429 (1987) (citations and footnotes omitted). *See also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987); *Franchise Tax Board of Cal. v. Construction Vacation Trust for Southern Cal.,* 463 U.S. 1, 9–12, 103 S.Ct. 2841, 2846–48, 77 L.Ed.2d 420 (1983).

 In certain cases, federal preemption creates an exception to the well-pleaded complaint rule. Ordinarily, federal preemption is a defense to plaintiff's action and does not appear on the face of the complaint. *See Metropolitan Life Ins. Co.,* 481 U.S. at 63, 107 S.Ct. at 1546. As such, federal preemption, even though it may be the central or only issue in a case, does not provide adequate jurisdictional ground for removal. *Id.* at 63–64, 107 S.Ct. at 1546–47. The Supreme Court, however, has recognized that in certain cases "the pre-emptive force of a statute is so 'extraordinary'

that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430 (quoting *Metropolitan Life Ins. Co.,* 481 U.S. at 65, 107 S.Ct. at 1547). In an area where state law has been completely preempted, any state law claim is "considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* Thus, where federal law completely preempts state law, a purely state law claim may be removed to federal court asserting federal question jurisdiction.[2]

This complete preemption doctrine has been applied primarily in the area of suits involving collective bargaining agreements under section 301 of the Labor Management Relations Act of 1947 ("LMRA").[3] *See Int'l Brotherhood of Electrical Workers v. Hechler,* 481 U.S. 851, 855–62, 107 S.Ct. 2161, 2164–68, 95 L.Ed.2d 791 (1987); *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 208–21, 105 S.Ct. 1904, 1909–16, 85 L.Ed.2d 206 (1985); *Avco Corp. v. Aero Lodge 735,* 390 U.S. 557, 559–62, 88 S.Ct. 1235, 1236–38, 20 L.Ed.2d 126 (1968); *Local 174, Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 102–06, 82 S.Ct. 571, 576–78, 7 L.Ed.2d 593 (1962). The Supreme Court has stated:

> [T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.

*Metropolitan Life Ins. Co.,* 481 U.S. at 64, 107 S.Ct. at 1546–47 (quoting *Franchise Tax Board,* 463 U.S. at 23, 103 S.Ct. at 2853–54) (footnote omitted). Thus, where a

---

**2.** It is important to note that, in addition to preempting state law, federal must provide a federal cause of action which supplants the state cause of action to be completely preempted. *See Franchise Tax,* 463 U.S. at 23–27, 103 S.Ct. at 2853–56; *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997 (9th Cir.1987).

**3.** Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
>
> 29 U.S.C. § 185(a).

state law claim is based on the breach of a collective bargaining agreement, section 301 completely preempts such a claim. *See Allis–Chalmers*, 471 U.S. at 220, 105 S.Ct. at 1915–16.

In this case, Magerer's claim for breach of employment contract is completely preempted by federal labor law creating jurisdiction for removal to federal court. All employees of Sexton were covered by the CBA following completion of the probationary period. Magerer started work for Sexton on April 10, 1988 and his probationary period ended sometime in May 1988. Magerer was subsequently discharged on August 3, 1988. In his complaint, Magerer asserts that he "was terminated without reason or explanation in violation of the terms and conditions of his employment." Further, Magerer claimed that "there are policies and procedures in place that an employee will not be terminated unless there is good cause or sufficient reasons." Given these facts, Magerer was clearly covered by the CBA and the resolution of his claim for breach of employment contract would involve interpreting the CBA. Consequently, Magerer's claim for breach of employment contract is completely preempted by section 301 of the LMRA which provides for resolution of collective bargaining agreements.

For the purposes of determining removal jurisdiction, this Court need not consider whether Magerer's other state law claims are preempted by federal labor law. *See* 28 U.S.C. § 1441(c); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 999 (9th Cir.1987). Where one of Magerer's claims satisfies the requirements of federal jurisdiction, this Court has the discretion to exercise pendant jurisdiction over the remaining state law claims. *Id.* Consequently, based on the complete preemption of Magerer's breach of employment contract claim, this Court should deny the motion for remand to state court.

### III.

The second issue before the Court is whether federal labor law preempts three of Magerer's state law claims. Sexton has filed a motion to dismiss, or, in the alternative, for summary judgment on three of Magerer's four state law claims. Specifically, Sexton argues that Magerer's claims for breach of employment contract, violation of ch. 152, § 75B, and for intentional interference with advantageous contract relations require interpretation of the CBA. As such, Sexton argues that Magerer's claims are preempted by section 301 of the LMRA and should be dismissed for failure to exhaust the grievance and arbitration procedures in the CBA. In response, Magerer argues that his state law claims are independent of the CBA, and, consequently, the state law claims should not be preempted by federal labor law. After reviewing the applicable law, the motions to dismiss should be granted.

As noted above, the Supreme Court has stated that section 301 of the LMRA preempts any state law claim arising from a breach of a collective bargaining agreement. *See Hechler*, 481 U.S. at 855–62, 107 S.Ct. at 2164–68; *Allis–Chalmers*, 471 U.S. at 208–21, 105 S.Ct. at 1904–09; *Lucas Flour Co.*, 369 U.S. at 102–06, 82 S.Ct. at 576–78; *Textile Workers Union v. Lincoln Mills of America*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). The purpose of this rule is to ensure uniformity in the interpretation and administration of labor union contracts by requiring the application of federal law to all claims arising for collective bargaining agreements. *See Allis–Chalmers*, 471 U.S. at 209–13, 105 S.Ct. at 1910–12; *Lucas Flour*, 369 U.S. at 103–04, 82 S.Ct. at 576–77.

[I]f the resolution of a state-law claim depends upon the meaning of a collective bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state law principles as there are States) is pre-empted and federal labor-law principles—necessarily uniform throughout the nation—must be employed to resolve the dispute.

*Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 1881, 100 L.Ed.2d 410 (1988) (footnote omitted).

■ The preemptive scope of section 301 stretches beyond state contract claims to include certain state tort claims. *See Allis–Chalmers*, 471 U.S. at 213–220, 105 S.Ct. at 1912–16 (Court held that a tort claim for bad faith handling of insurance claim was preempted by section 301); *Hechler*, 481 U.S. at 857, 107 S.Ct. at 2165–66 (Court held that a tort claim for breach of duty to ensure safe workplace was preempted by section 301). In *Allis–Chalmers*, the Supreme Court stated:

> Questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

471 U.S. at 211, 105 S.Ct. at 1911. This rule of preemption, however, does not require that "every dispute concerning employment, or tangentially involving a provision of a collective bargaining agreement, is preempted by § 301...." *Allis–Chalmers*, 471 U.S. at 211, 105 S.Ct. at 1911.

Section 301 will not preempt a state tort law claim where "resolution of the state-law claim does not require construing the collective bargaining agreement." *Lingle*, 108 S.Ct. at 1882. Thus, section 301 preempts a state tort law claim only where the tort claim involves interpretation of the collective bargaining agreement or is "inextricably intertwined with the terms of the labor contract." *Allis–Chalmers*, 471 U.S. at 213, 105 S.Ct. at 1912. If a state law tort claim is sufficiently "independent" of the collective bargaining agreement, section 301 shall not preempt the claim. *Lingle*, 108 S.Ct. at 1882. In light of these standards, this Court shall review Magerer's remaining state law claims.

■ First, as noted above, the claim for breach of employment contract is clearly preempted by section 301. As Magerer was an employee covered by the CBA, resolution of the claim would necessarily involve interpretation of the CBA and its provisions. Magerer argues that he had an individual, implied employment contract with Sexton, and, relying on the Supreme Court's recent opinion in *Caterpillar*, suggests that such an independent contract would not be preempted. *See Caterpillar*, 482 U.S. at 394–99, 107 S.Ct. at 2430–33 (Court found that oral and written representations made to employees prior to employees being covered by a collective bargaining agreement were not preempted by section 301). But, reviewing this claim as a motion for summary judgment, Magerer has submitted no factual affidavits suggesting a separate, individual employment contract existed between him and Sexton. Even the complaint does not assert the existence of such an independent contract existing outside the collective bargaining agreement. Consequently, this claim is clearly preempted by section 301.

■ Second, relying on the Supreme Court's opinion in *Lingle*, the claim for violation of Mass.Gen.L. ch. 152, § 75B is also preempted by section 301. This statute forbids employers from discharging or otherwise discriminating against employees for exercising their rights under the Massachusetts Worker's Compensation Act. *Id.* at 75B(2).[4] Further, the statute creates a cause of action and provides for remedies in state court. *Id.* Further, the statute specifically provides: "In the event that any right set forth in this section is inconsistent with an applicable collective bargaining agreement, such agreement shall prevail." Mass.Gen.L. ch. 152, § 75B(3) (1986).

In *Lingle*, the Supreme Court analyzed a tort claim based on a similar Illinois statute barring retaliatory discharge for filing

---

**4.** Chapter 152 section 75B(2) provides in pertinent part:

No employer or duly authorized agent of an employer shall discharge, refuse to hire or in any other manner discriminate against an employee because the employee has exercised a right afforded by this chapter....

Mass.G.L. ch. 152, § 75B(2) (1986).

worker's compensation claims. 108 S.Ct. at 1881–82. The Supreme Court held that the state claim was not preempted by section 301 where "resolution of the state law claim does not require construing the collective bargaining agreement." *Id.* at 1882. In a footnote, the Supreme Court elaborated:

Petitioner points to the fact that the Illinois right to be free from retaliatory discharge is non-negotiable and applies to unionized and non-unionized workers alike. While it may be true that most state laws that are not pre-empted by § 301 will grant nonnegotiable rights that are shared by all state workers, we note that neither condition ensures nonpre-emption. *It is conceivable that a State could create a remedy that, although nonnegotiable, nonetheless turned on the interpretation of a collective bargaining agreement for its application. Such a remedy would be preempted by § 301. Similarly, if a law applied to all state workers but required, at least in certain instances, collective-bargaining agreement interpretation, the application of the law in those instances would be pre-empted.*

108 S.Ct. at 1882 n. 7.

In this case, the Court faces the particular statutory remedy which the Supreme Court conceived of in *Lingle*. Where a collective bargaining agreement exists, a claim under Mass.Gen.L. ch. 152, § 75B is expressly subject to interpretation of the collective bargaining agreement. In this case, the CBA calls for grievance and arbitration procedures for employer-employee disputes, and, these dispute resolution provisions would be inconsistent with the statutory remedies provided by Mass.Gen.L. ch. 152, § 75B. Consequently, following the Supreme Court's holding in *Lingle* and the express provisions of the statute, Magerer's statutory claim for wrongful discharge is preempted by federal labor law.

■ Third, upon review of the applicable case law, Magerer's claim for intentional interference with contract relations is also preempted by section 301. In the complaint, Magerer asserts that the defendant

Valley "intentionally, maliciously, and wrongfully interferred [sic] with [Magerer's] employment contract that [Magerer] had with the [d]efendant Sexton...." Thus, the claim for intentional interference with contract relations rests entirely upon the CBA which covered Magerer's employment with Sexton. Consequently, the intentional interference claim relies on an interpretation of the CBA and would be preempted by section 301. *See Cole v. Pathmark of Fairlawn,* 672 F.Supp. 796, 803 (D.N.J.1987); *Kneeland v. Pepsi Cola Metropolitan Co, Inc.,* 605 F.Supp. 137, 139 (D.Mass.1985).

■ In sum, Magerer's claims for breach of employment contract, retaliatory discharge under Mass.Gen.L. ch. 152, § 75B, and intentional interference with contract relations are all preempted by federal labor law. All three of these claims should be treated as claims under section 301 of the LMRA and, as such, all three of these claims would be subject to the federal requirements for exhaustion of grievance and arbitration procedures in the CBA. *See Allis–Chalmers,* 471 U.S. at 202, 105 S.Ct. at 1904; *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652–53, 85 S.Ct. 614, 616–17, 13 L.Ed.2d 580 (1965). In the record before this Court there is no evidence that Magerer has grieved or arbitrated his claims under the grievance procedures of the CBA. Consequently, Magerer's three state law claims should be dismissed for failure to comply with requirements for section 301 claims.

## IV.

■ The final issue before the Court is whether Magerer can state a common law claim for violation of public policy where the legislature has expressly provided for a statutory remedy under Mass.G.L. ch. 152, § 75B. In its motion to dismiss, Sexton argues that under Massachusetts law, Magerer cannot assert a duplicative common law claim of wrongful discharge for filing a worker's compensation claim where the legislature has already provided a specific statutory remedy for such a claim. Magerer has not responded specifically to

this argument. Upon review of the applicable law, Magerer's claim for violation of public policy should be dismissed.

Under Massachusetts law, courts have held that a plaintiff should not be allowed to state a common law claim for wrongful discharge where the state legislature has provided a statutory remedy for the alleged wrong. *See Grubba v. Bay State Abrasives Division of Dresser Industries*, 803 F.2d 746, 747–48 (1st Cir.1986); *Crews v. Memorex Corporation*, 588 F.Supp. 27, 28–29 (D.Mass.1984); *Mello v. Stop & Shop Companies, Inc.*, 402 Mass. 555, 557, 524 N.E.2d 105 (1988) (a claim for violation of public policy may be found "unless no common law rule is needed because the Legislature has also prescribed a statutory remedy."); *Melley v. Gillette Corp.*, 19 Mass. App.Ct. 511, 511–14, 475 N.E.2d 1227 (1985), *aff'd* 397 Mass. 1004, 491 N.E.2d 252 (1986); *Mouradian v. General Electric Co.*, 23 Mass.App.Ct. 538, 541–43, 503 N.E.2d 1318, *rev. denied* 399 Mass. 1105, 507 N.E.2d 1056 (1987). In *Mello*, the Supreme Judicial Court specifically recognized that this rule applied to cases covered by Mass.Gen.L. ch. 152, § 75B. *Mello*, 402 Mass. at 557 n. 2, 524 N.E.2d 105.

In this case, Magerer's claim for violation of public policy is expressly founded on a claim of wrongful discharge for exercising a right under the worker's compensation statute. In his complaint, Magerer alleged that he was "terminated from his position, not for any lawful or legitimate reason, but because he had filed claims for Worker's Compensation with Department of Industrial Claims." Chapter 152 section 75B clearly creates a cause of action and provides remedies for such alleged wrongs. In fact, Magerer recognized this fact by filing a claim under Mass.Gen.L. ch. 152, § 75B. Consequently, Magerer should not be allowed to assert a duplicative common law cause of action and his claim for violation of public policy should be dismissed.

In sum, this Court has subject matter jurisdiction sufficient for removal of this action due to the complete preemption remedy of Magerer's breach of employment contract claim by section 301 of the LMRA.

Further, Magerer's claims for violation of Mass.G.L. ch. 152, § 75B and for intentional interference with contract relations are preempted by section 301 of the LMRA. These three claims should be dismissed for failure to comply with exhaustion of grievance and arbitration procedures required in section 301 actions. Finally, Magerer's claim for violation of public policy should be dismissed for failure to state a claim where Mass.Gen.L. ch. 152, § 75B provides a statutory remedy for the alleged wrong.

Order accordingly.

## ORDER

In accordance with the memorandum filed this date, it is ORDERED:

1. Plaintiff's motion to remand is denied.

2. Defendant's motion to dismiss plaintiff's state law claims for breach of employment contract, for violation of public policy, for violation of Mass.Gen.L. ch. 152, § 75B, and for intentional interference with advantageous contract relations is granted.

3. Case dismissed.