BARBARA I. FEDERICI *vs.* MANSFIELD CREDIT UNION.

Bristol. December 4, 1986. — April 9, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Contract*, Employment. *Public Policy. Employment*, Discrimination.

Allegations in a civil action to the effect that the plaintiff, an employee at will, had been discharged from her employment with the defendant as a consequence of a disability for which she had received workmen's compensation benefits, when considered in light of the relevant public policy expressed in G. L. c. 149, § 51B, stated no common law ground entitling the plaintiff to damages on the theory that the defendant had violated the covenant of good faith and fair dealing implicit in the employment relationship. [594-597]

CIVIL ACTION commenced in the Superior Court Department on October 6, 1983.

A motion to dismiss was heard by *George P. Ponte*, J., and questions of law were reported by him to the Appeals Court. The Supreme Judicial Court granted a request for direct review.

*James T. Grady (Kevin Hern, Jr.*, with him) for the plaintiff.

*Mark E. Schreiber (Nancy S. Shilepsky* with him) for the defendant.

HENNESSEY, C.J. The plaintiff, Barbara I. Federici, brought an action against her former at-will employer, Mansfield Credit Union (Mansfield), seeking compensatory and punitive damages for Mansfield's actions on May 14, 1983, when it discharged her as manager of Mansfield. Count 1 of the complaint asserted that Mansfield acted "as a consequence of, and in retaliation to, the fact that [the plaintiff had] suffered a motor vehicle accident in the course of her employment, and [had] become disabled, and [had] exercised her right to file a workmen's compensation claim as provided by G. L. c. 152, § 1, *et seq.*"[1]

---

[1] The complaint also contained Counts 2 and 3 which alleged age and sex discrimination in Mansfield's decision to discharge her. The plaintiff subsequently waived these counts.

The action was commenced on October 6, 1983, and on November 30, 1984, Mansfield moved for summary judgment, claiming that the action was barred by the Workmen's Compensation Act, G. L. c. 152 (1984 ed.). This motion was denied. On September 16, 1985, the day of trial, Mansfield moved to dismiss those portions of the plaintiff's complaint "that allege that the plaintiff was terminated from her employment with the defendant due to her disability" on the grounds that, with respect to those portions, the complaint failed to state a claim for which relief could be granted and for lack of subject matter jurisdiction under Mass. R. Civ. P. 12 (h) (2) and (3), 365 Mass. 754 (1974). This motion was allowed over the plaintiff's objections. On September 24, 1985, the Superior Court judge reported the case to the Appeals Court on nine questions under Mass. R. Civ. P. 64, 365 Mass. 831 (1974).[2] This court allowed the plaintiff's application for direct appellate review. To date, no judgment has been entered in the Superior Court.

We summarize the facts alleged in the plaintiff's complaint. On May 22, 1981, the plaintiff was elected to be the manager of the Mansfield Credit Union by its board of directors. At that time it was orally agreed that the plaintiff would serve in this position for an indefinite period, subject to periodic salary review and adjustment and the payment of other compensation, including pension, health, accident, and life insurance benefits.

---

[2] In his report, the Superior Court judge set forth nine issues for resolution by the Appeals Court, and we note that some of the questions (e.g., measure of damages; plaintiff's duty to mitigate damages) were not material to the issue raised by the motion to dismiss. Although the judge reported these questions, he might simply have reported the question whether his order allowing the motion to dismiss was proper. "Although a judge may report specific questions of law in connection with an interlocutory finding or order, the basic issue to be reported is the correctness of his finding or order. Reported questions need not be answered in this circumstance except to the extent that it is necessary to do so in resolving the basic issue." *McStowe* v. *Bornstein*, 377 Mass. 804, 805 n.2 (1979), citing *Scandura* v. *Trombly Motor Coach Serv., Inc.*, 370 Mass. 612, 615-616 (1976). *Mayer* v. *Boston Metropolitan Airport, Inc.*, 355 Mass. 344, 351 (1969). Consequently, we refrain from addressing each of the nine questions reported and discuss only the issue whether the judge's order dismissing those portions of Count 1 "that allege that plaintiff was terminated from her employment with the defendant due to her disability" was proper.

On February 18, 1983, the plaintiff was seriously injured in an automobile accident while serving in the employment of Mansfield. The plaintiff was hospitalized for ten days, and, as of October 6, 1983, when the complaint was filed, she was still disabled. During this period, the plaintiff applied for and received workmen's compensation benefits pursuant to G. L. c. 152.

On April 21, 1983, while the plaintiff was recovering from her injuries, two members of Mansfield's board of directors visited her at her home. They indicated that the board of directors wished that she would take an early retirement and resign as manager of Mansfield. They advised her that if she refused to do so, she would be discharged. The plaintiff, thereafter, on May 4 informed a representative of Mansfield that she wished to return to her position as manager as soon as she physically could do so and that she was willing to attempt to return to work on a part time basis later that month. On May 5, Mansfield notified the plaintiff that she was immediately suspended without pay from her position as manager. By letter dated May 14, Mansfield informed the plaintiff that by vote of the board of directors her employment as manager was terminated.

We begin our analysis by noting that the report of the case currently before us is interlocutory in nature because no judgment has been entered in the Superior Court. Furthermore, the judge did not order dismissal of the plaintiff's complaint in its entirety. Count 1 of the complaint (the only remaining count) alleges two grounds for the plaintiff's discharge. The first, which is unaffected by the defendant's motion to dismiss, alleges that the discharge was in retaliation for the exercise of the plaintiff's right to file a workmen's compensation claim as provided in G. L. c. 152.[3] The second ground, which was

---

[3] Other jurisdictions have recognized a civil action against an employer when an employee has been discharged in retaliation for the filing of a workmen's compensation claim. See, e.g., *Kelsay* v. *Motorola, Inc.*, 74 Ill. 2d 172, 185 (1978); *Frampton* v. *Central Ind. Gas Co.*, 260 Ind. 249, 252-253 (1973); *Murphy* v. *Topeka-Shawnee County Dep't of Labor Servs.*, 6 Kan. App. 488, 495-497 (1981); *Sventko* v. *Kroger Co.*, 69 Mich. App.

the subject of the defendant's motion to dismiss, alleges that the discharge was a consequence of the plaintiff's disability. Although we have considerable doubt as to the sufficiency of the wording in the complaint, we assume for purposes of discussion that this second ground was alleged. We address only this latter allegation in determining whether the judge's dismissal of it was proper.

The plaintiff seeks recovery for breach of the covenant of good faith and fair dealing which the law imposes in at-will employment relationships. See *Maddaloni* v. *Western Mass. Bus Lines, Inc.*, 386 Mass. 877 (1982); *Cort* v. *Bristol-Myers Co.*, 385 Mass. 300 (1982); *Gram* v. *Liberty Mut. Ins. Co.*, 384 Mass. 659 (1981); *Fortune* v. *National Cash Register Co.*, 373 Mass. 96 (1977). We have recognized that the termination of at-will employment could give rise to such a claim where the reason for the discharge was contrary to public policy. *Gram* v. *Liberty Mut. Ins. Co., supra* at 668 n.6. *DeRose* v. *Putnam Management Co.*, 398 Mass. 205, 208-210 (1986). The plaintiff argues that it has been a long-standing policy of the Commonwealth that an employee may not be discriminated against because she has become disabled in the service of her employer and has qualified for and is receiving workmen's compensation benefits. Specifically, she cites G. L. c. 152, §§ 25C and 26, which confer a right on an employee, injured in the course of employment, to apply for and receive disability

644, 647 (1976); *Lally* v. *Copygraphics*, 173 N.J. Super. 162, 169 (1980), aff'd, 85 N.J. 668 (1981); *Brown* v. *Transcon Lines*, 284 Or. 597, 603-604 (1978); *Shanholtz* v. *Monongahela Power Co.*, 165 W. Va. 305, 310 (1980). However, not all jurisdictions considering this question have allowed a civil action. See, e.g., *Blevins* v. *General Elec. Co.*, 491 F. Supp. 521, 525 (W.D. Va. 1980) (applying Virginia law); *Martin* v. *Tapley*, 360 So. 2d 708, 709 (Ala. 1978); *Portillo* v. *G.T. Price Prods., Inc.*, 131 Cal. App. 3d 285, 287 (1982); *Segal* v. *Arrow Indus.*, 364 So. 2d 89, 90 (Fla. Dist. App. Ct. 1978); *Stephens* v. *Justiss-Mears Oil Co.*, 300 So. 2d 510, 511 (La. Ct. App. 1974); *Kelly* v. *Mississippi Valley Gas Co.*, 397 So. 2d 874, 877 (Miss. 1981); *Christy* v. *Petrus*, 365 Mo. 1187, 1194 (1956); *Bottijliso* v. *Hutchison Fruit Co.*, 96 N.M. 789, 794 (Ct. App. 1981); *Dockery* v. *Lampart Table Co.*, 36 N.C. App. 293, 296, cert. denied, 295 N.C. 465 (1978); *Raley* v. *Darling Shop of Greenville, Inc.*, 216 S.C. 536, 538 (1950). Because the motion to dismiss did not affect the allegation of retaliatory discharge contained in Count 1, we do not consider this issue.

benefits, and G. L. c. 149, § 51B, which requires an employer to give preference in reemployment to an employee returning from a disability leave covered by the Workmen's Compensation Act. The plaintiff contends that these statutory provisions express a strong public policy that employees who exercise their right to recuperate from injuries with the assistance of statutory disability benefits should be protected against discharge because of their disabled status.

The plaintiff implicitly concedes that this court must recognize the legitimate business and economic needs of an employer who is faced with replacing a disabled employee, and that an employer should not be required to obtain only temporary workers to fill a position left vacant by a disabled employee in order that that employee may be rehired when he or she has recovered. Furthermore, the plaintiff appears to concede that an employer need not rehire an employee returning from a compensable injury into her former position. Nevertheless, she claims that the policy of G. L. c. 149, § 51B, clearly contemplates that the employee will be retained on preferential hiring status until an appropriate position becomes available or other permanent employment is obtained. She argues that this policy does not allow an employer to discharge an employee before she is capable of returning to work merely because no suitable positions are available at a particular time. Consequently, the plaintiff urges that this court should recognize a common law right to damages by reason of the discharge relating to her disability.[4]

We conclude that, in alleging that she was terminated from her employment with the defendant due to her disability, the plaintiff has not stated a common law cause of action. We reach that conclusion based on statutory language which we think expressed relevant public policy. General Laws c. 149, § 51B, which was in force and effect on the date that Mansfield terminated the plaintiff's employment, provided no civil relief

---

[4] She argues further that damages in such a case should be awarded sounding in tort on an exemplary or punitive basis.

for one in the plaintiff's alleged situation.[5] A second statute, G. L. c. 152, § 75A, inserted by St. 1985, c. 572, § 58, has further defined the rights of an employee such as the plaintiff and the relief available when those rights are violated.[6] We think the Legislature has expressed public policy applicable to one in the plaintiff's situation, and that we should be guided by that expression. Consequently, we decline to recognize the common law right advanced by the plaintiff.

The case is remanded to the Superior Court, where judgment shall enter dismissing that part of the complaint that alleges that the discharge was a consequence of the plaintiff's disability, and further proceedings shall be had not inconsistent with this opinion.

*So ordered.*

---

[5] General Laws c. 149, § 51B, repealed by St. 1985, c. 572, § 6, stated: "An injured worker who has received workmen's compensation under chapter one hundred and fifty-two shall have preference in re-employment by the employer for whom he worked at the time of his injury over other persons not previously employed by such employer; provided, that the available employment is suitable for the mental and physical well-being of the worker and is within his qualifications. An employer who violates this section shall be punished by a fine of not more than five hundred dollars."

[6] General Laws c. 152, § 75A, inserted by St. 1985, c. 572, § 58, provides: "Any person who has lost a job as a result of an injury compensable under this chapter shall be given preference in hiring by the employer for whom he worked at the time of compensable injury over any persons not at the time of application for reemployment employed by such employer, provided, however, that a suitable job is available. Actions may be filed under this section with the superior court department of the trial court for the county in which the alleged violation occurred. An employer found to have violated this section shall be exclusively liable to pay to the employee lost wages, shall grant the employee a suitable job, and shall reimburse such reasonable attorney fees incurred in the protection of rights granted by this section as shall be determined by the court.

"In the event that any right set forth in this section is inconsistent with an applicable collective bargaining agreement or chapter thirty-one, the collective bargaining agreement or said chapter thirty-one shall prevail."