MAURICE OURFALIAN *vs.* ARO MANUFACTURING COMPANY,
INC., & another.[1]

No. 89-P-1043.

Middlesex. December 6, 1990. - August 29, 1991.

Present: BROWN, PERRETTA, & JACOBS, JJ.

*Contract*, Employment. *Employment*, Termination. *Public Policy. Prac-
tice, Civil*, Complaint.

In a civil action, the defendants' alleged violation of the public policies
   reflected in G. L. c. 149, § 24A (prohibiting an employee's dismissal
   based on age), and G. L. c. 152, § 75A (requiring rehiring preference
   to a workers' compensation claimant), as to each of which the Legisla-
   ture has provided statutory remedies, gave rise to no common law cause
   of action by a former at-will employee who claimed that he had been
   wrongfully discharged from employment. [295-296]
In an action by a former at-will employee, the plaintiff's assertion that the
   defendants lacked just cause for discharging him stated no ground for
   relief. [296]
In an action by a former at-will employee, the complaint and the infer-
   ences therefrom were sufficient to state a claim that the corporate de-
   fendant, the plaintiff's former employer, had discharged him in retalia-
   tion for filing a workers' compensation claim, entitling him to relief
   under G. L. c. 152, § 75B (2). [296-298]

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 20, 1987.

The case was heard by *Hiller B. Zobel*, J., on a motion to
dismiss.

*Philip S. Iuliano* (*Zaven Kaprielian* with him) for the
plaintiff.

*John A. Dziamba* for the defendants.

JACOBS, J. After approximately nineteen and one-half
years of continuous at-will employment with the defendant

---

[1]Sidney Shapiro, president and chief executive officer of Aro Manu-
facturing Company, Inc.

Aro Manufacturing Company, Inc. (Aro), the plaintiff was fired from his job. In his amended complaint in the Superior Court, he alleged that his discharge on October 20, 1986, was wrongful and without good or just cause; that he had not worked for four weeks previous to that date due to a workplace injury; and, that prior to his firing, other employees of Aro who had been injured at work and filed workers' compensation claims had been discharged from employment. The legal theories in support of the complaint were set forth in five counts. Counts I, II, III, and IV sought to impose liability on the defendant Sidney Shapiro for a "bad faith discharge," for breaches of the plaintiff's "implied contract of continued employment" and "implied covenant of good faith," and for violations of the public policy of the Commonwealth as reflected in G. L. c. 149, § 24A (prohibiting dismissal based on age), and G. L. c. 152, § 75A (requiring rehiring preference to a workers' compensation claimant). Count V sought to impose liability on Aro for Shapiro's actions "under the doctrine of respondeat superior."

This appeal is precipitated by the allowance of the defendants' third[2] motion to dismiss.[3] The judge correctly dismissed those portions of the complaint that allege violations of the

---

[2] The record indicates that a motion to dismiss the original complaint under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), was denied by a judge other than the judge who allowed the motion to dismiss which is before the court. The original complaint contained general allegations of bad faith and personal animus on the part of Shapiro but no averment relating to a workplace injury. According to the docket entries, a second motion to dismiss was denied by another judge prior to the filing of the motion to dismiss before the court.

[3] All parties treat the motion to dismiss as having been transformed into a motion for summary judgment pursuant to the last paragraph of Mass.R.Civ.P. 12(b). While matters outside of the pleadings were submitted by the parties, the judge, except for a background statement, focused his memorandum of decision on the adequacy of the contents of the complaint. In any event, the complaint and the submitted material, benefited by inferences favorable to the plaintiff, Hub Assocs. v. Goode, 357 Mass. 449, 451 (1970), adequately raise a genuine issue as to whether the plaintiff's discharge was in retaliation for his making a compensation claim. When, as here, "intent is at the core of a controversy, summary judgment seldom lies." Madden v. Estin, 28 Mass. App. Ct. 392, 395 (1990).

public policies reflected by G. L. c. 149, § 24A,[4] and G. L. c. 152, § 75A. Although "[a] basis for a common law rule of liability can easily be found when the Legislature has expressed a policy position concerning the rights of employees and an employer discharges an at-will employee in violation of that established policy[,]" *Mello* v. *Stop & Shop Cos.*, 402 Mass. 555, 557 (1988), generally no common law cause of action is established where "the Legislature has also prescribed a statutory remedy." *Ibid.* The statutes upon which the plaintiff relies for public policy pronouncements contain recognized and comprehensive sanctions: G. L. c. 152, § 75A, provides for a civil action and specific remedies, *Federici* v. *Mansfield Credit Union*, 399 Mass. 592, 597 (1987), and, although G. L. c. 149, § 24A, sets out only a criminal penalty, the public policy against age discrimination is already protected by a comprehensive legislative scheme, G. L. c. 151B, see *Melley* v. *Gillette Corp.*, 19 Mass. App. Ct. 511, 512-513 (1985). To create common law actions based on policies expressed in those statutes would impermissibly interfere with those remedial schemes. *Id.* at 513-514.

Also, the bald assertion of lack of just cause for discharge, standing alone, cannot sustain the complaint. *Gram* v. *Liberty Mut. Ins. Co.*, 384 Mass. 659, 671 (1981). Our courts have recognized that an employer's need for "wide latitude in deciding whom it will employ," *Fortune* v. *National Cash Register Co.*, 373 Mass. 96, 102 (1977), is not outweighed by any general concept of employee job security. See *Cort* v. *Bristol-Myers Co.*, 385 Mass. 300, 305-306 (1982).

Standing on a different footing, however, is the complaint allegation of a bad faith discharge. When read in combination with the plaintiff's allegations of having suffered a workplace injury at the time of his discharge and of the firing of several Aro employees for filing workers' compensation claims, the clear inference to be drawn from the complaint, if it is to be construed so as to do substantial justice, see *Nader* v. *Citron*, 372 Mass. 96, 98, 104 (1977); Mass.R.Civ.P. 8(f),

---

[4]During oral argument, the plaintiff waived his age discrimination claim.

365 Mass. 751 (1974), is that the plaintiff was discharged in retaliation for filing such a claim.

The plaintiff argues that his implicit allegation of retaliatory discharge implicates a public policy which is entitled to common law protection. See *Glaz* v. *Ralston Purina Co.*, 24 Mass. App. Ct. 386, 389-390 (1987)(claim exists where employee can "point to some clearly-defined and well-established public policy that is threatened by the employer's action . . . [such as] termination . . . in retaliation for performing an important and socially desirable act . . ."). Our courts have not spoken to this issue. See *Federici* v. *Mansfield Credit Union*, 399 Mass. at 594 & n.3. We need not reach the question because our workers' compensation act clearly establishes both a right and a remedy in the circumstances alleged. *Magerer* v. *John Sexton & Co.*, 727 F. Supp 744, 751 (D. Mass.), aff'd, 912 F.2d 525 (1st Cir. 1990). *Mello* v. *Stop & Shop Cos.*, 402 Mass. at 557 n.2. General Laws c. 152, § 75B(2), as amended by St. 1986, c. 662, § 49, provides:

> "No employer or duly authorized agent of an employer shall discharge . . . an employee because the employee has exercised a right afforded by this chapter . . . . Any person claiming to be aggrieved by a violation of this section may initiate proceedings in the superior court department of the trial court for the county in which the alleged violation occurred. An employer found to have violated this paragraph shall be exclusively liable to pay to the employee lost wages, shall grant the employee suitable employment, and shall reimburse such reasonable attorney fees incurred in the protection of rights granted as shall be determined by the court. The court may grant whatever equitable relief it deems necessary to protect rights granted by this section."

The complaint sufficiently states a claim of retaliatory discharge for the filing of a workers' compensation claim under

the statute.[5] In view of its exclusive liability provision, the statute applies only to Aro and not to Shapiro.[6]

Accordingly, the allowance of the motion to dismiss is affirmed as to Shapiro (Counts I through IV) and reversed as to Aro (Count V) insofar as the complaint states a claim cognizable under G. L. c. 152, § 75B(2).

*So ordered.*

---

[5]It is not fatal to the complaint that G. L. c. 152, § 75B, was not specifically pleaded. *Springfield* v. *Commonwealth*, 349 Mass. 267, 270 (1965). *Gallant* v. *Worcester*, 383 Mass. 707, 709-710 (1981). *Gaillard* v. *Board of Appeals of Lexington*, 6 Mass. App. Ct. 834 (1978). "[A] complaint is not subject to dismissal if it would support relief on *any* theory of law" (emphasis in original). *Whitinsville Plaza, Inc.* v. *Kotseas*, 378 Mass. 85, 89 (1979). Nor does the failure of the parties to address the statute prohibit us from considering it. *Foley* v. *Lowell Sun Publishing Co.*, 404 Mass. 9, 11 (1989).

[6]Since the Legislature has provided a statutory remedy against Aro for the wrong allegedly committed by Shapiro, no common law cause of action is available against him personally, especially in the absence of any allegation that he acted outside of the scope of his employment.