Freemont-Smith, J.
This appeal of a decision of the Civil Service Commission, which upheld the decision of the Cambridge Housing Authority to terminate the employment of the Plaintiff, Tyrone Wilson, was heard on December 15, 1993.
The Court, in reviewing a decision of the Civil Service Commission, applies the same standard of review as that provided pursuant to M.G.L.c. 30A. See, M.G.L.c. 31, §44, as amended. The decision of the Commission must be upheld, if supported by substantial evidence and if it is not based on an error of law, or otherwise defective for the reasons set out in the statute. M.G.L.c. 30A, §14.
The reviewing court may not substitute its own findings of fact for those of an administrative agency so long as there is substantial evidence to support the agency’s findings, Arthurs v. Bd. of Registration in Medicine, 383 Mass. 299 (1981), Boston Edison Co. v. Boston Redevelopment Authority, 374 Mass. 37 (1977). “Substantial evidence” means “such evidence as a reasonable mind might accept as adequate to support a conclusion.” Craven v. State Ethics Comm’n, 390 Mass. 191 (1983), Trustees of Forbes Library v. Labor Relations Comm’n, 384 Mass. 559 (1981).
Courts must defer to factual findings of agencies, in particular, where there are issues of motivation or where inferences are drawn, Retirement Bd. of Brookline v. Contributory Retirement Appeal Board, 33 *527 Mass.App.Ct. 478, rev. denied, Flint v. Comm’n of Public Welfare, 412 Mass. 416 (1992).
I conclude that the findings of the Civil Service Commission were supported by substantial evidence in the record and contained no error of law.
Those findings were that there was “just cause” for the action of the CHA in terminating the plaintiff. There were specific findings that an onus had been placed upon the CHA by temporary hires, and that other attempts by the CHA to cover the work of Plaintiffs position in his protracted absence had been unsatisfactory. Also found was an openness of the CHA in the past, to adopt other alternatives where they could be accommodated by the nature of the work: “There has been a practice at the CHA to hire persons on a temporary basis into positions where the employee is absent due to an employee’s illness or injury.”
The findings of the Commission that the CHA acted for good cause and in good faith are thus supported by substantial evidence, and are entitled to deference by the Court. M.H. Gordon & Son, Inc. v. Alcoholic Beverages Control Commission, 386 Mass. 64 (1982).
Similarly, the Commission’s refusal to draw an inference of bad faith in this termination, in light of the lack of any evidence of bad faith as it related to this individual, or in the historical record of the actions of the CHA relative to injured employees in general, is entitled to deference.
Accordingly, I find no basis for plaintiffs contention that his discharge was motivated by a desire to retaliate because of his acceptance of Workers Compensation benefits, in violation of c. 152, §73A, or for plaintiffs contention that his termination was without just cause.
Prior decisions of the Civil Service Commission and judicial precedent establish that an employer has no obligation to keep a position open indefinitely while a worker is injured and unable to perform the duties of the position, and that a termination for such a reason constitutes “just cause” under c. 31. As set out in the Administrative Magistrate’s recommendations, the Civil Service Commission has ruled that “an employee’s physical inability to perform his duties can constitute just cause to support termination.” Bergeron v. City of Lowell, D-1972, CS-88-188 (9/15/88); Macone v. City of Somerville, D-2802, CS-88-720 (11/21/88). See also, Dunn v. Commissioners of Civil Service, 279 Mass. 504 (1932) (a police officer had no claim when he was “separated from service” due to a nervous affliction which temporarily incapacitated him from performing his duties).
M.G.L.c. 152, §75A (the Workers Compensation statute) explicitly refers to rehiring rights for “Any person who has lost a job as a result of an injury compensable under this chapter...” The statute thus recognizes that workers may be properly terminated for injury-related disability. Although this section creates specific protection for workers who have been so terminated, it indicates that such terminations are not intended to be prohibited under c. 152, §75B(2) merely by reason of the fact that a worker may, at the date of termination, be receiving Workers’ Compensation benefits. M.G.L.c. 152, §75B is thus clearly aimed at discharges motivated by retaliation for an employee’s exercise of his rights under the statute.
In this case, the Commission found that the employee received compensation for many months while the CHA awaited his return, during which time period the CHA suffered a diminution in the effectiveness of its operations. It also found that, both before and after the employee was terminated, the CHA respected his rights under c. 152. The findings of the Commission as to the absence of any retaliatory animus are entitled to deference by this court under c. 31, §44.
The facts here, moreover, are clearly distinguishable from those in Ourfallian v. Aro Manufacturing Co., 31 Mass.App.Ct. 294 (1991), where the employer was found to have acted in bad faith because he had a history of firing any employee who filed a Workers’ Compensation claim, and had terminated the employee immediately after the claim was filed, in retaliation for having done so. Here, on the contrary, the Commission has found that the employer had a history of acting in good faith, and had assigned another worker temporarily for nine months in an attempt to avoid a termination.
JUDGMENT
The decision of the Civil Service Commission is supported by substantial evidence, is correct as a matter of law, and is not otherwise defective. Accordingly, the decision of the Civil Service Commission is upheld and judgment is entered for the defendants on Count II of the complaint.[1]

 The court makes no decision at this time whether the judgment for defendants on Count II effectively bars plaintiff from proceeding to trial on Count I of the complaint, which alleges that plaintiffs termination violated M.G.L.c. 152B, §75B. It is suggested that this question may be amenable to determination by way of a further motion of defendants.