Lauriat, J.
This action is before the court on the motion of defendant Atlantic Petroleum Corporation (“Atlantic”) to dismiss Count VII of plaintiffs’ Amended Complaint,[1] which alleges a violation of G.L.c 93A, §9, for failure to state a claim upon which relief can be granted, pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons to follow, Atlantic’s motion to dismiss must be denied.
BACKGROUND
For at least five years prior to December 18, 1990, the plaintiffs, Abdel and Abdel-Razzak Meguid (“the Meguids”), were the owners and residents of property located at 14 Cox Road in Winchester, Massachusetts. During that time, the defendant Atlantic Petroleum Corporation (“Atlantic”) provided regular fuel oil service to the Meguids pursuant to a computer-monitored automatic fuel delivery account which tracked the Meguids’ normal fuel consumption. From October 21, 1990 to December 4, 1990, Atlantic made at least five deliveries totalling 826 gallons of fuel oil to the Meguids’ residence, an amount approximately four times the Meguids’ nor *256 mal usage. Sometime thereafter, the Meguids contacted Atlantic and expressed concern over the unusual fuel consumption rate. Atlantic inspected the Meguids’ property and discovered that an oil line had broken, causing the release of oil under the foundation of the Meguids’ property.
The Meguids subsequently brought this action, asserting, inter alia, that the oil spill and resulting damage to their property was due to Atlantic’s negligence, that Atlantic violated G.L.c. 21E, §§2 and 5(a), and that Atlantic violated G.L.c. 93A, §9 by “repeatedly denying and/or avoiding any responsibility” for its negligence.[2] On October 13, 1993, the court (Doerfer, J.) granted summary judgment for Atlantic on Counts III (Trespass) and IV (Nuisance). The court, however, denied Atlantic’s motion for summary judgment as to Counts I (Negligence) and II (violation of G.L.c 21E) on the ground that there exists, inter alia, a question of fact as to the causation of the oil leak. On the same date, the court (Doerfer, J.), in a separate opinion, granted Atlantic’s motion to dismiss Counts V (Strict Liability) and VI (Declaratory Judgment). Atlantic now seeks the dismissal of Count VII (violation of G.L.c. 93A) of the Amended Complaint.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville, supra at 89. Further, a complaint should not be dismissed simply because it asserts a new or extreme theory of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28 (1988); Jenkins v. Jenkins, 15 Mass.App.Ct 934 (1983) (re-script); Bell v. Mazza, 394 Mass. 176, 183 (1985) All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice . . .” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).
General Laws c. 93A, §2 provides in part: “(a) Unfair methods of competition and unfair and deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful . . . (c) The attorney general may make rules and regulations interpreting the provisions of subsection 2(a) of this chapter ...” “Subsection (c) has been given a very broad interpretation.” MacGillivary v. Dana Bartlett Ins. Agency of Lexington, Inc., 14 Mass.App.Ct. 52, 60 (1982), citing Purity Supreme, Inc. v. Attorney Gen., 380 Mass. 762, 769-80 (1980).
By [the Purity Supreme] decision, a wide scope has been accorded to regulations promulgated by the Attorney General. One regulation thus formulated is 940 CMR 3.16 (1978), which reads in part: “Without limiting the scope of any other rule regulation or statute, an act or practice is a violation of Chapter 93A, Section 2 if: . . . (3) It fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public’s health, safety, or welfare promulgated by the Commonwealth . . . intended to provide the consumers of this Commonwealth protection ...”
MacGillivary, 14 Mass.App.Ct. at 60-61 (emphasis added).
Here, the Meguids allege in their amended complaint (Count II) that Atlantic caused or is legally responsible for the release of oil onto their properly in violation of the Massachusetts Oil and Hazardous Material Release Prevention Act, G.L.c. 21E, §§2 and 5(a). Pursuant to the Code Mass. Regs. 3.16(3), a violation of G.L.c 21E would constitute a violation of G.L.c. 93A, §2, because chapter 21E is an “existing statute” “meant for the protection of the public’s health, safety, or welfare . . .” See G.L.c. 21E, §§2 and 5(e); Code Mass. Regs. 3.16(3) (1978); MacGillivary, 14 Mass.App.Ct. at 61 (holding that broker’s negligent violation of insurance statute must be taken to constitute violation of G.L.c. 93A, §2); Squeri v. McCarrick, 32 Mass.App.Ct. 203, 207 (1992) (negligent act might give rise to a c. 93A claim where there is evidence that the negligence “was or resulted in an unfair or deceptive act or practice").
Since the court (Doerfer, J.) has previously denied Atlantic’s motion for summary judgment as to the Meguids’ G.L.c. 21E claim because of the existence of a factual question as to the cause of the oil leak, a question also remains as to whether Atlantic violated G.L.c. 93A, §9. Because there remains unresolved an issue of fact as to whether Atlantic caused the oil leak, it would be inappropriate for the court to dismiss the Meguids’ c. 93A claim at this time. Hence, Atlantic’s motion to dismiss must be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Defendant’s Motion to Dismiss Count VII of Plaintiffs’ Amended Complaint is DENIED.

 Filed September 17, 1993.

 Although plaintiffs have also asserted that Atlantic violated G.L.c. 93A, §9 by failing to honor their c. 93A demand letter, no such claim has been raised in Count VII of their Amended Complaint.