Dortch-Okara, J.
Plaintiff Judith Noonan (Noonan) brought this action against defendant Digital Equipment Corporation (Digital) alleging that Digital wrongfully terminated her employment in violation of G.L.c. 152, §75B(2). Digital has now moved for summary judgment on the grounds that the plaintiff has failed to demonstrate a reasonable expectation of proving all of the elements of her claim. With due consideration of all memoranda, affidavits, pleadings and exhibits, the court denies the motion. Plaintiff has provided sufficient evidence of a cognizable claim in which genuine issues of material fact exist.
BACKGROUND
Noonan was hired as an assembler by Digital in May of 1991. In August of 1992, Noonan was injured in a work-related accident. She received full-time workers’ compensation from August of 1992 until February 5, 1993, at which time she returned to work 16 hours per week and her workers’ compensation was reduced to part-time. After working for only one week, she informed Digital that she was not ready to continue working, even on a part-time basis, due to psychological problems associated with the accident.
Noonan remained out ofwork until March 12,1993, when she was discharged for absenteeism. Noonan nevertheless continued to receive workers’ compensation benefits. In June of 1993, Digital attempted to discontinue Noonan’s workers’ compensation benefits. However, the Massachusetts Department of Industrial Accidents denied Digital’s request to modify or discontinue benefits. Noonan received full-time benefits until August 31, 1993, when she settled her workers’ compensation claim against Digital.
DISCUSSION
Digital argues that Noonan has failed to offer evidence on all elements of her Chapter 152 claim. However, the elements Digital cites are those relating to a Chapter 15 IB discrimination claim. There is no case law to indicate that the prima facie standard of Chapter 15 IB applies to claims arising under Chapter 152. Chapter 152, §75B(2) provides that an employer shall not discharge an employee because the employee has chosen to exercise a right afforded by Chapter 152. G.L.c. 152, §75B(2).
The evidence presented by the plaintiff raises the question of whether her discharge was precipitated by her inability to work due to her work-related injury. Noonan has presented evidence that she was suffering from post-traumatic stress disorder resulting from the accident. While Digital disputes whether Noonan’s disorder was related to the accident, Digital knew of Noonan’s disorder and that she was still receiving workers’ compensation when she was discharged. When a plaintiff alleges a bad faith discharge while he is receiving workers’ compensation, “the clear inference to be drawn ... is that the plaintiff was discharged in retaliation for filing such a claim. ” Ourfalian *495 v. Aro Manuf. Co., 31 Mass.App.Ct. 294, 296-97 (1991). Although, Digital states that Noonan was discharged for absenteeism, the inference to be drawn from Noonan’s discharge for absenteeism during a period when she was receiving workers’ compensation is that she was discharged for continuing to pursue her workers’ compensation benefits.
ORDER
For the foregoing reasons, defendant’s motion for summary judgment is DENIED.