Gershengorn, J.
The defendant Dorothy Riccio is before this court seeking to dismiss the complaint. The defendant moves for dismissal pursuant to Mass.R.Civ.P. 12(b)(6), Mass.R.Civ.P. 13(a) and Mass.R.Civ.P. 9(b).[1] The plaintiff Frank Riccio opposes the dismissal of this action.
BACKGROUND
The plaintiff, husband of the defendant, brought this action for what sounds in intentional infliction of emotional distress and slander/libel. The basis for this lawsuit stems from allegations contained in a complaint filed in Superior Court by Dorothy Riccio for a judicial determination of properly rights and a complaint filed in Probate Court for divorce. The Superior Court action was consolidated with the divorce action which is currently pending in the Probate Court.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12 (b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville, supra at 89. All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice . . .” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).
This complaint fails to state a claim for which relief can be granted because the basis of the plaintiffs complaint is another complaint. The plaintiffs cause of action arose from and is dependent upon the allegations contained in the court documents filed by the defendant in Superior and Probate Courts. The statements contained therein have allegedly caused him to suffer harm. In Sriberg v. Raymond, 370 Mass. 105 (1976), the Supreme Judicial Court adopted the Restatement of Torts §586 which provides that “[a]n attorney at law is absolutely privileged to publish false and defamatory matter of another in the institution of, or during the course and as a part of a judicial proceeding in which he participates as counsel, if it has some relation thereto.” Sriberg v. Raymond, supra at 108, quoting Restatement of Torts §586 (1938). See also Correllas v. Viveiros, 410 Mass. 314 (1991). The allegedly fraudulent conduct attributed to the plaintiff *156 in the defendant’s complaints relate directly to the causes of action, therefore, the statements are privileged. Since the circumstances under which the allegedly defamatory statements were made are privileged, the defendant’s motion to dismiss must be granted.
ORDER
For the preceding reasons, it is therefore ORDERED that the defendant’s motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) is GRANTED.

 This court need not discuss the grounds raised for dismissal under Mass.R.Civ.P. 13(a) and Mass.R.Civ.P. 9(b) because this matter can be dismissed under Mass.R.Civ.P. 12(b)(6).