Botsford, J.
INTRODUCTION
This case has a history. The plaintiff, Russell J. Doheriy, (“Doheriy”), alleges that on May 5, 1994, he and Michael Chaulk of Chaulk Services Inc. (“Chaulk”) signed a two-year agreement regarding Doherty’s employment with that company. On November 29, 1994 Doheriy filed a breach of contract action (referred to hereafter as the 1994 action) against Chaulk, challenging his termination because he was terminated by Chaulk on July 7, 1994, before the end of the contract.[2] On March 21, 1997, Doherty moved to amend the complaint in the 1994 action to add a count under G.L.c. 149, §§148 and 150. On April 23, 1997, a judge of this Court (Houston, J.) denied the motion. Following the denial, Doherty brought the present action, again raising a claim under G.L.c. 149, §§148, 150. The defendants have moved to dismiss. As grounds for their motion, the defendants, Chaulk and American Medical Response of Massachusetts (collectively referred to hereafter as AMRM), argue that the complaint fails to state a claim under which relief can be granted because G.L.c. 149, §§148 and 150 do not apply to Doherty in the circumstances of this case. AMRM also claims that under Mass.R.Civ.P. 12(b)(9), the pendency of the 1994 action bars the present complaint. For the reasons stated below, the defendants’ motion is allowed.
DISCUSSION
1. AMRM first asks the court to dismiss this action pursuant to Mass.R.Civ.P. 12(b)(6). When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiff’s favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All inferences should be drawn in the plaintiffs favor in the complaint “so as to do sub *726 stantial justice.” Ourfalian v. Aro Mfg. Co, Inc., 31 Mass.App.Ct. 294, 296 (1991).
Doherty alleges the following facts which I accept as true for the purposes of this motion. The compensation Doherty received under his contract with AMRM included a weekly salary and commissions from the emergency vehicles he sold. The high commission rate set forth in the employment contract was to offset his low salary and compensate him closer to the industry’s standards. However, due to the unpredictable nature of AMRM’s business, Doherty’s commission was not determined and paid on a regular schedule. Since Doherty’s termination, AMRM has paid Doherty all of the salary he had earned up to the date of his termination. AMRM has not, however, paid Doherty any commission for sales he may have completed before the date of his termination. Doherty alleges AMRM’s refusal to pay his prospective salary and commission was willful and in bad faith.
General Laws c. 149, §148 (§148),[3] on which Doherty rests his claim, protects workers by mandating employers to pay employees the wages they earned on a weekly, bi-weekly or other regular basis. “Doubtless the legislation . . . was enacted primarily to prevent unreasonable detention of wages." American Mut. Liab. Ins. Co. v. Commissioner of Labor & Indus., 340 Mass. 144, 147 (1959). General Laws c. 149, §150, the other statute relied on by Doherty, permits the court to award treble damages and attorneys fees to successful plaintiffs with claims under §148.
In this case, Doherty has not alleged facts, that if true, would show that AMRM has violated §148 with regard to either his wages or the commissions. The statute provides that “any employee discharged . . . shall be paid in full on the day of his discharge." Doherty was discharged on July 7, 1994, and apparently has been paid the portion of his salary which he had earned up to that date. Although Doherty alleges that he signed a two-year employment contract, §148 does not mandate that employers must pay to employees discharged before the end of a contract term the amount in salary which the employees could have earned in the future, but for the discharge. (I note that in the pending 1994 action Doherty claims he is entitled to the lost future salary as part of his damages.)
Section 148 also orders “the payment of commissions, when the amount of such commissions, less allowable or authorized deductions, has been definitely determined and has become due and payable ...” Doherty cannot rely on this statute to collect commissions from sales he made while employed by AMRM. In Commonwealth v. Savage, 31 Mass.App.Ct. 714, 176 (1991), the court interpreted §148 regarding the recovery of commissions. The court noted that the statute “assist[s] employees who would be paid on a weekly basis, such as retail salespeople, and for whom commission constitutes a significant part of weekly income.” This interpretation of the statute refers to the recovery of a weekly, determinable commission, not the type of commission Doherty attempts to be awarded here.
According to the complaint, Doherty had a salary of $45,000 plus commissions. Doherty’s commissions were not paid on a regular basis because of the unpredictable nature of AMRM’s business of selling emergency vehicles. The contract specified a method to determine the amount of Doherty’s commissions, but did not specify a date of commission determination or payment. The commissions Doherty may have earned were neither “definitely determined” nor “due” on the date he was terminated from his position at AMRM, or on any other specific date. As with the salary that Doherty claims AMRM has wrongfully withheld, the commissions Doherty may be owed are part of his claim in the breach of contract action.
2. AMRM also moves the court to dismiss this case under Mass.R.Civ.P. 12(b)(9), due to the pendency of the 1994 action. I do not base the dismissal on this ground, as Doherty was not permitted to amend his complaint in the 1994 action. Rather, the case is dismissed under Rule 12(b)(6) because G.L.c. 149, §§148 and 150 are inapplicable, and thus Doherty has failed to state a claim on which relief may be granted.
ORDER
For the foregoing reasons, it is ORDERED that the defendant’s motion to dismiss the claim be ALLOWED.

 The 1994 action is pending in the Middlesex County Superior Court and captioned Russell J. Doherty v. Chaulk Services, Inc., C.A. No. 94-6895.

 General Laws c. 149, §148 provides in relevant part as follows:
Every person having employees in his service shall pay weekly or biweekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week . . . ; and any employee discharged from such employment shall be paid in full on the day of his discharge . . .
This section shall apply, so far as apt, to the payment of commissions when the amount of such commissions, less allowable or authorized deductions, has been definitely determined and has become due and payable to such employee and commissions so determined and due such employees shall be subject to the provisions of section one hundred and fifty . . .