pal Light Department, and Sharon A. Staz in her capacity as Manager of the Princeton Municipal Light Department and the Town of Princeton–Princeton Municipal Light Department, Defendants.

No. CIV. A. 98–40042–NMG.

United States District Court, D. Massachusetts.

July 1, 1998.

Victor L. CORMIER, Plaintiff,

v.

Ann LITTLEFIELD, Terry Hart and Nicholas Wagner, in their capacity as Selectmen for the Town of Princeton, and Walter Zimmerman,\* James Whitman and Andy Olson,\*\* in their capacity as Commissioners of the Princeton Munici-

---

\* Defendant Walter Zimmer is incorrectly named "Zimmerman" in the complaint.

\*\* Defendant Andy Olesin is incorrectly named "Olson" in the complaint.

Jeffrey A. Aveni, Cronin, Dombrowski & Miller, Worcester, MA, for Plaintiff.

Carey H. Smith, Morrison, Mahoney & Miller, Worcester, MA, Vincent L. DiCianni, Nicholas J. Scobbo, Thomas J. Mango, Ferriter, Scobbo, Sikora, Caruso & Rodophele, Boston, MA, for Defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

The plaintiff, Victor L. Cormier ("Cormier") brought this action against 1) the Town of Princeton ("the Town"), 2) the Town's Selectmen, Ann Littlefield, Terry Hart and Nicholas Wagner, 3) the Princeton Municipal Light Department ("the Light Department"), 4) the Light Department's Commissioners, Walter Zimmer, James Whitman and Andy Olesin and 5) the Manager of the Light Department, Sharon Staz.

Cormier alleges 1) violation of the Americans with Disabilities Act, 42 U.S.C. § 12111 et seq. ("the ADA"), and the Rehabilitation Act, 29 U.S.C. § 701 et seq. (Count One), 2) violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("the FMLA") (Count Two), 3) violation of M.G.L. c. 151B ("Chapter 151B") and the Massachusetts Equal Rights Act, M.G.L. c. 93, § 102 ("the MERA") (Count Three), 4) negligence (Count Four) and 5) wrongful termination (Count Five). Pending before this Court is the motion of the defendants to dismiss (Docket No. 4).

### I. Facts as Alleged in the Complaint

In April, 1988, Cormier began working as a lineman for the Light Department. On June 23, 1996, he suffered a knee injury outside of the scope of his employment. Sharon Staz ("Staz") placed Cormier on light duty. He remained on light duty from June 26, 1996, until August 20, 1996.

On August 21, 1996, Cormier had reconstructive knee surgery. His doctors advised him that he would need four to five months to rehabilitate his knee. Cormier advised the defendants that he would need that time off work and that when he returned he would need to be on light duty. Staz informed Cormier that his job would remain open until he returned from his rehabilitation.

In September, 1996, Cormier re-injured his left knee while walking, but that injury did not interfere with the projected date for his return to work. In early January, 1997, Cormier's doctor informed Staz that Cormier could return to work on light duty, but Staz told Cormier that he could not return to

work unless he was ready for full duty. On January 9, 1997, Cormier received notice from the Light Department that there was no longer a position available for him.

## II. *Background*

### A. *Standard for Motions to Dismiss*

A motion to dismiss for failure to state a claim may be granted only if it appears, beyond doubt, that the plaintiffs can prove no facts in support of their claim that entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court must accept all factual averments in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 17 (1st Cir.1992). The Court is required to look only to the allegations of the complaint and if under any theory they are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir.1987).

### B. *Unopposed Dismissals*

The plaintiff concedes that 1) his MERA claim is preempted by Chapter 151B, 2) Count Four should be dismissed and 3) none of the individual defendants is personally liable. Accordingly, this Court will dismiss the MERA claim contained within Count Three, Count Four and all five counts against the individual defendants.

### C. *The Discrimination Claims*

The standards under the ADA, the Rehabilitation Act and Chapter 151B are substantially similar and will, therefore, be treated together for purposes of the pending motion. *See McDonald v. Commonwealth of Penn. Dept. of Pub. Welfare*, 62 F.3d 92, 95 (3rd Cir.1995); *Cox v. New England Tel. and Tel. Co.*, 414 Mass. 375, 384, 607 N.E.2d 1035 (1993). To qualify for relief under those statutes, Cormier must establish that he 1) suffered from a disability, 2) was otherwise qualified to perform the essential functions of his employment with or without reasonable accommodations and 3) was subject to an adverse employment decision. *See Bunevith*

*v. CVS/Pharmacy*, 925 F.Supp. 89, 93 (D.Mass.1996); *Labonte v. Hutchins & Wheeler*, 424 Mass. 813, 821, 678 N.E.2d 853 (1997).

The facts alleged in the complaint are sufficient to state claims under each of the statutes. Under certain circumstances, Cormier's knee injury could qualify as a disability and he could prove that he was otherwise qualified to perform the essential functions of his employment with or without reasonable accommodations. *See Katz v. City Metal Co., Inc.*, 87 F.3d 26, 32, 33 (1st Cir.1996). Furthermore, Cormier alleges that he was fired.

### D. *The FMLA Claim*

In order to establish a prima facie case under the FMLA, the plaintiff must prove that: 1) he is protected under the Act, 2) he suffered an adverse employment decision and 3) either he was treated less favorably than an employee who had not requested FMLA leave or the adverse decision was made because of his request for leave. *Santos v. Shields Health Group*, 996 F.Supp. 87, 1998 WL 97804, *4 (D.Mass.).

The facts alleged in the complaint are sufficient to state a claim under the FMLA. Cormier alleges that he was disabled and that he was fired because he exercised his rights under the FMLA.

### E. *Wrongful Termination*

Under Massachusetts law, a discharge in violation of a legislatively established public policy constitutes a basis for a common law cause of action unless the legislature has provided a statutory remedy. *Mello v. Stop & Shop Companies, Inc.*, 402 Mass. 555, 557, 524 N.E.2d 105 (1988); *Ourfalian v. Aro Mfg. Co., Inc.*, 31 Mass.App.Ct. 294, 296, 577 N.E.2d 6 (1991). The ADA, the Rehabilitation Act and Chapter 151B, therefore, preempt Cormier's claim for wrongful termination in violation of public policy.

### ORDER

For the foregoing reasons:

1) the defendants' motion to dismiss is **ALLOWED** with respect to:

**130**

a) the MERA claim of Count Three,

b) Count Four,

c) all counts against the individual defendants, and

d) the wrongful termination claim; and

2) the defendants' motion to dismiss is **DENIED** with respect to:

a) Count One,

b) Count Two, and

c) the Chapter 151B claim of Count Three.

So ordered.