SCOTT GAGNON & another,[1] petitioners. July 8, 1997. *Sex Offender. Practice, Civil*, Sex offender. *Due Process of Law*, Sex offender. *Constitutional Law*, Equal protection of laws, Sex offender.

We consider, on the petitioners' application for direct appellate review, their appeal from the trial judge's dismissal of their pro se petition for a declaratory judgment concerning the constitutionality of G. L. c. 123A, as applied to them.

The petitioners, whose motion for the appointment of counsel on appeal was allowed, argue that their continued confinement at the Massachusetts Treatment Center violates their rights to equal protection and due process because the principles underlying their original commitments are "faulty" and the commitments are invalid. They also contend that our opinion in *Commonwealth* v. *Tate*, 424 Mass. 236 (1997), is not dispositive. We affirm the dismissal of the petition.

The petitioners contend that their State and Federal equal protection rights are violated because the repeal of portions of G. L. c. 123A demonstrates that the

---

[1] Harold F. Calligan. A third person has withdrawn from the appeal.

principles underlying their original commitments "have been revealed to be faulty" and that the commitments were never valid. We rejected a similar but not identical claim in *Tate*, using words which are persuasive here:

"There appears to have been a rational basis for the distinction that led to the [petitioners'] commitment . . . . A rational justification for keeping the [petitioners] in the treatment center now may be found in the benefits that a person . . . may receive from continuing treatment." *Id.* at 241.

The petitioners next argue that, because their confinement was never remedial and "is undifferentiated from the incarceration of convicted criminals," they should have had the benefit of certain due process protections. Although the judge did not address this issue, we do so briefly. The petitioners have not demonstrated that, as to them, their confinement was not remedial in nature when made, or that continuing treatment is not beneficial. See *id.*

Moreover, we do not conclude that because the statute has been amended, as the petitioners say, to "repeal . . . the commitment portions," that the fact of amendment automatically means that the petitioners are being subjected to a second penalty in violation of double jeopardy principles. We reiterate that, as applied to them, the commitments may carry a measure of remedial treatment.

Because we do not agree that the amendments rendered the commitments void "ab initio," we reject the claim that *Tate, supra,* is not dispositive. We are not persuaded that, because the Legislature's decision to terminate commitments to the treatment center was prompted by the Report of the Governor's Special Advisory Panel on Forensic Mental Health (1989), the Legislature thereby also endorsed any critique in the report of commitments of persons such as the petitioners. As we noted in *Tate*, the Legislature specifically provided for retention of such persons at the treatment center. *Id.* at 238 n.3.[2]

Nevertheless, we recognize the dichotomy which has been created, and observe that challenges to its wisdom are more appropriately addressed to the Legislature.

*Judgment affirmed.*

*Nona E. Walker*, Committee for Public Counsel Services, for the petitioners.

*Beverly Coles-Roby*, Assistant Attorney General, for the Commonwealth.

---

[2]Counsel for the petitioners stated at oral argument that a claim concerning the statute's failure to require a finding of mental illness, although pointed out in the brief, was not made specifically below. Hence, we need not reach that claim, nor discuss the applicability, if any, of the United States Supreme Court's recent opinion in *Kansas* v. *Hendricks*, 117 S. Ct. 2072 (1997).

