Spurlock, J.
The petitioner, Abdulla Ibn Yahya (“Yahya"), is a resident of the Massachusetts Treatment Center for sexually dangerous persons (“Treatment Center”) in Bridgewater, Massachusetts. Yahya filed this pro se writ of habeas corpus claiming that his continued confinement under G.L.c. 123A, as amended by St. 1990, c. 150, §304 and by St. 1993, c. 489, §1, violates his constitutional rights to Due Process, Equal Protection, and violates his constitutional rights to be free from Double Jeopardy and Ex Post Facto punishment. The respondent, the Commonwealth of Massachusetts, moves to dismiss this matter pursuant to Mass.R.Civ.P. 12(b)(6), or in the alternative, seeks summary judgment pursuant to Mass.R.Civ.P. 56.
On December 19, 1997, this Court heard oral argument on the motion. Yahya subsequently filed several motions for enlargement of time to respond which were allowed by the Court (Spurlock, Butler, JJ). Since this Court finds that G.L.c. 123A, as amended, does not violate the petitioner’s constitutional rights, respondent’s motion to dismiss is ALLOWED.
BACKGROUND
The parties’ submissions indicate the following. On March 3, 1983, Yahya pled guilty to one count of aggravated rape,[3] one count of kidnapping,[4] and one count of assault and battery by means of a dangerous weapon.[5] On the aggravated rape conviction, the Court ordered Yahya committed to the Treatment Center for sixty days observation pursuant to G.L.c. 123A, §4. Subsequently, after a hearing on May 20, 1983, the Court found that Yahya was a sexually dangerous person and committed him to the Treatment Center for an indeterminate period of one day to life pursuant to G.L.c 123A, §5. Under G.L.c. 123A, §5, as then in effect, such a commitment was authorized in lieu of a prison sentence. On that same day, Yahya received a five- to ten-year sentence on the aggravated rape conviction, a five- to ten-year sentence on the kidnapping conviction, and a three- to five-year sentence on the assault by means of a dangerous weapon conviction. The Court ordered that these sentences run concurrent with each other.
Subsequently, on September 28, 1984, Yahya was convicted of one count of aggravated rape,[6] one count of assault and battery by means of a dangerous weapon,[7] and one count of kidnapping.[8] Yahya received an eighteen- to twenty-year sentence on the aggravated rape conviction, and a five- to ten-year sentence on the kidnapping conviction. The Court ordered that these sentences were to run concurrent with each other but from and after the expiration of the sentences imposed in 1983. Yahya is not expected to complete serving the entirety of his criminal sentences until on or about the year 2011. On or about June 10, 1997, Yahya filed this writ of habeas corpus in the Superior Court Department.
DISCUSSION
A prisoner who can show an entitlement to immediate release can invoke a judge’s discretionary power, under G.L.c. 248, §25 to issue a writ of habeas corpus. *712 Hennessy v. Superintendent, Mass. Correctional Inst., Framingham, 386 Mass. 848, 850 (1982), citing Pina v. Superintendent, Mass. Correctional Inst., Walpole, 376 Mass. 659, 664 (1978). When a prisoner is not entitled to immediate release, however, and thus cannot state a claim for a writ of habeas corpus, he can still avail himself of the declaratory judgment procedures set out in G.L.c. 231A to resolve a controversy which has arisen concerning the execution of his sentence. Hennessy, supra at 851. The petitioner in this case fails to state a claim for a writ of habeas corpus since it is undisputed that Yahya is not eligible for immediate release from the respondent’s custody because he is still subject to an outstanding criminal sentence. Therefore, this Court finds that the petitioner is not entitled to immediate release but is entitled to a judicial declaration of his rights as against the respondent. The Court now turns to the substantive issue argued by the parties.
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), this Court must accept as true the well pleaded factual allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). Any inferences drawn from a pleading should be “construed so as to do substantial justice.” Ourfalian v. Aro Manufacturing Co., 31 Mass.App.Ct. 294, 296 (1991), citing Nader v. Citron, 372 Mass. 96, 98 (1977) and Mass.R.Civ.P. 8(f). A “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader, supra at 98, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
In the present case, Yahya contends that because the legislature has repealed G.L.c. 123A, §3-6 (see St. 1990, c. 150, §304), eliminating all new commitments to the Treatment Center, his continued retention in the Treatment Center violates his constitutional rights to due process, equal protection and subjects him to double jeopardy and ex post facto punishment. Yahya contends that he has been denied equal protection of the law because there is no adequate justification for treating him differently from others who have committed similar crimes. Moreover, Yahya contends that since the legislature has transferred control of the Treatment Center from the Department of Mental Health to the Department of Correction (see St. 1993, c. 489, §1), his commitment to the Treatment Center was imposed without all the due process protections applicable to a criminal proceeding, and because his commitment is now solely penal, he has been subjected to double jeopardy and ex post facto punishment.
In Commonwealth v. Tate, 424 Mass. 236 (1997), the Supreme Judicial Court rejected similar arguments made by a defendant that his continued commitment to the Treatment Center violates his State and Federal rights to due process and equal protection of the law and subjects him to punishment in violation of the double jeopardy clause of the United States Constitution. Commonwealth v. Tate, 424 Mass. 236, 238-41 (1997). In Tate, the SJC reiterated that the commitment statute has a remedial, nonpunitive purpose. Id., and cases cited. Thus, Yahya’s due process argument fails because he has not shown that the Treatment Center lacks continued viability as a place where sexually violent offenders can receive nonpunitive psychiatric treatment. Id.
Yahya next argues that his equal protection rights are violated under the Federal and State Constitutions because there is no constitutionally acceptable basis for creating two classes of sexually dangerous persons, one subject to indefinite terms of detention and the other serving definite criminal sentences. The issue is the same under each Constitution. Tate, supra at 239, citing Zeller v. Cantu, 395 Mass. 76, 83-84 (1985). The question is whether there is a rational basis for the classification, a rational relationship between the line drawn and a legitimate state interest. Tate, supra at 239. A rational justification for keeping Yahya in the Treatment Center may be found in the benefits that a person already in the Treatment Center may receive from continuing treatment. Id. at 241. “Equal protection principles do not bar the continuation of the treatment program for persons already in it just because the Legislature terminated future commitments.” Id. at 241.
Moreover, for similar reasons, the Court rejects Yahya’s argument that because the statute has been amended to transfer control of the Treatment Center from the Department of Mental Health to the Department of Correction, Yahya is being subjected to a second penalty in violation of double jeopardy and ex post facto principles. In re Gagnon, 425 Mass. 1015 (1997). The amendments to G.L.c. 123A do not render the commitments void ab initio. Id. As noted by the SJC in Tate, the commitments carry a remedial, non-punitive purpose, and the Legislature specially provided for retention of such persons at the treatment center. Id. at 1016.
Accordingly, for all of these reasons, this Court finds that G.L.c. 123A, as amended, is not constitutionally invalid on any of the grounds claimed by the petitioner.
ORDER
It is, therefore, ORDERED that respondent’s motion to dismiss be ALLOWED.

 Plymouth Criminal Action No. 77383.

 Plymouth Criminal Action No. 77382.

 Plymouth Criminal Action No. 77384.

 Plymouth Criminal Action No. 12230.

 Plymouth Criminal Action No. 11837.

 Plymouth Criminal Action No. 11836.