770 412 Mass. 770

Globe Newspaper Co. *v.* Massachusetts Bay Transportation Authority Retirement Board.

GLOBE NEWSPAPER COMPANY & another[1] *vs.*
MASSACHUSETTS BAY TRANSPORTATION AUTHORITY
RETIREMENT BOARD & another.[2]

Suffolk. March 4, 1992. - June 5, 1992.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ

*Practice, Civil,* Report, Injunctive relief. *Injunction.*

Where a party to a civil action had abandoned its request for preliminary
injunctive relief, a judge's report to the Appeals Court, under Mass. R.
Civ. P. 64, of his order denying such relief should have been dismissed
as moot. [772-773]

Discussion of the circumstances that would warrant an appellate court in
deciding, on report, the propriety of a judge's decision regarding pre-
liminary injunctive relief. [773]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 17, 1991.

A motion for preliminary injunctive relief was heard by
*Hiller B. Zobel,* J., and was reported by him to the Appeals
Court. The Supreme Judicial Court transferred the case on
its own initiative.

*Carl Valvo* for the defendants.

*Joanne D'Alcomo* for the plaintiffs.

LYNCH, J. This case is here on a "report" by a judge of the
Superior Court. Mass. R. Civ. P. 64, 365 Mass. 831 (1974).
On April 17, 1991, Globe Newspaper Company (Globe) and
one of its editors brought an action against the Massachu-
setts Bay Transportation Authority Retirement Board
(board) and its executive director seeking a declaratory judg-

---

[1] Gerard M. O'Neill, editor of the "Globe Spotlight Team."

[2] John J. Gallahue, Jr., executive director of the Massachusetts Bay
Transportation Authority Retirement Board.

ment that the board is subject to the Public Records Law, G. L. c. 66, § 10 (1990 ed.), and that certain records in the possession of the board are public records under G. L. c. 4, § 7, Twenty-sixth (1990 ed.). The Globe filed a motion for a preliminary injunction with its complaint, seeking an order that the board disclose the requested records. Before deciding the motion, the judge proposed that he report the matter to the Appeals Court. The Globe opposed this procedural step since it was requesting both injunctive and declaratory relief, and it wanted to develop a full factual record before the judge decided the case on the merits.

Before the parties conducted any discovery, the judge denied the request for a preliminary injunction, and, sua sponte, reported the matter to the Appeals Court without any findings of fact, staying further proceedings, including discovery. Thereafter, the Globe filed a petition for interlocutory review with a single justice of the Appeals Court, who upheld the lower court's ruling. The Globe then moved to dismiss the report on the ground it was moot, since the Globe had not sought further review of its motion for preliminary injunction. A single justice of the Appeals Court denied the motion and the defendants were designated to proceed as appellants. We transferred the case here on our own motion, and we discharge the report.

The memorandum and order of the judge reporting the case reads in full as follows: "After extensive, helpful briefing, and thorough, equally helpful argument by counsel, it appears to the Court, *on the present record*, that although the Retirement Board's function is closely connected with the MBTA's business, it is neither the MBTA's *alter ego*, nor an appendage of the MBTA within the meaning of G.L. c. 4, § 7 (clause twenty-sixth). Were I free to exercise my discretion, I would regard the Board as, standing alone, engaged in a public function (administering the pension fund of a wholly public enterprise) and thus subject to the type of scrutiny which Plaintiff seeks to exercise. I am, however, constrained by the statute and the record as it now stands to conclude that Plaintiff's chances of success on the merits are not high

enough to warrant the relief now sought. I add also that it appears to me that Plaintiff will suffer no irreparable harm by my denying the relief, whereas requiring access would, by the very nature of the disclosure, work irreparable damage on Defendants. Accordingly, the Motion is *Denied.* Because I believe that my order so affects the merits that the matter ought to be determined by the Appeals Court before any further proceedings in this Court, I report the matter to the Appeals Court, Mass. R. Civ. P. 64 (second sentence), and stay any further proceedings in this Court, subject to further Order." (Emphasis in original.)

We therefore are presented with the question whether, on the basis of the pleadings and argument, the judge was correct in concluding that the plaintiffs' chances of success on the merits were not high enough to warrant the grant of the preliminary injunction.

"A Superior Court judge may report a case to the Appeals Court if he or she makes an interlocutory finding or order which he or she believes 'so affects the merits of the controversy that the matter ought to be determined by the appeals court before any further proceedings in the trial court . . . .' G. L. c. 231, § 111 (1984 ed.). Mass. R. Civ. P. 64." *Heck* v. *Commonwealth,* 397 Mass. 336, 338 (1986). See *Cusic* v. *Commonwealth, ante* 291, 293 (1992).

"Interlocutory matters should be reported only where it appears that they present serious questions likely to be material in the ultimate decision, and that subsequent proceedings in the trial court will be substantially facilitated by so doing." *John Gilbert Jr. Co.* v. *C.M. Fauci Co.,* 309 Mass. 271, 273 (1941). Authors of a well-known text have, in explaining the concept, asked the question: "Does the matter so touch 'the merits of the controversy' that it requires appellate determination before the trial can proceed further?" J.W. Smith & H.B. Zobel, Rules Practice § 64.3, at 51 (1981). The basic issue central to any report made under rule 64 is the correctness of the judge's finding or order. *Federici.* v. *Mansfield Credit Union,* 399 Mass. 592, 593 n.2 (1987). *McStowe* v. *Bornstein,* 377 Mass. 804, 805 n.2 (1979). Where a

judge of the Superior Court has granted or denied a request for preliminary injunctive relief, a party may petition a single justice of the Appeals Court for discretionary "relief" from such an interlocutory order. *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 614 (1980). Although the Globe had sought discretionary relief under G. L. c. 231, § 118, first par. (1990 ed.), when that request was denied it did not seek an appeal under G. L. c. 231, § 118, second par., but rather sought voluntarily to dismiss its appeal, preferring to rely on the declaratory relief aspects of its action. We conclude that, since the Globe abandoned its request for preliminary injunctive relief, the report should have been dismissed as moot. Even if mootness is not considered, the only matter at issue involves an exercise of judicial discretion.

Although some circumstance might exist that would warrant this court deciding, on report, the propriety of a judge's decision regarding preliminary injunctive relief, they do not exist here. In order for an appellate court properly to decide such a question it must be fairly apparent that the appellate decision, if not completely dispositive of the matter, at least disposes of a central issue material to the ultimate decision. Seldom, if ever, can appellate decisions of such a nature be made in the absence of stipulations or findings regarding material facts. It is not enough that the judge perceive the matter reported as so affecting the merits of the controversy that the matter ought to be determined by the Appeals Court. The report must be accompanied by a record that gives an appellate court a basis to exercise its independent judgment of the validity of the judge's determination of that central issue. The record before us contains no such basis and the plaintiffs argue that no fair decision can be made at least until discovery is complete.

The report is discharged and the case remanded to the Superior Court for further proceedings.

*So ordered.*