## LUCILLE E. HUNTER *vs.* KEVIN CAYER
## (and a companion case[1]).

No. 03-P-10.

Suffolk. March 12, 2004. - August 27, 2004.

Present: CYPHER, DREBEN, & TRAINOR, JJ.

*Practice, Civil,* Report, Summary judgment, Standing. *Rules of Civil Procedure. Land Court,* Report. *Collateral Estoppel. Real Property,* Record title.

This court concluded that an interlocutory order of the Land Court judge was properly reported for appellate review under Mass.R.Civ.P. 64(a). [726-727] In a civil action involving disputed claims to a number of lots in a parcel of land of approximately forty acres, a Land Court judge properly denied the plaintiffs' motions for summary judgment, declining to give preclusive effect to an earlier Land Court decision that involved claims of title of other lots on the parcel but which did not make a determination of ownership [727-729], and concluding that the defendants had sufficient title interest to defend against the plaintiffs' claims [729-730].

CIVIL ACTIONS commenced in the Land Court Department on April 8, 1999, and September 29, 1999, respectively.

Motions for summary judgment were heard by *Leon J. Lombardi,* J., and the cases were reported to the Appeals Court by him.

*Leslie-Ann Morse* for Lucille Hunter & others.

*Thomas H. Souza* for Kevin Cayer.

*Michelle A. McHale* for Kimberly Starbard Kalweit.

CYPHER, J. Filed as actions to try title in the Land Court in 1999, these cases involve disputed claims to a number of lots of land in Mashpee. After a judge denied the motions of the plaintiffs for summary judgment and ordered the cases to

---

[1]Ronald J. Bourque and Vicki M. Bourque *vs.* Kimberly Starbard Kalweit. This case was filed separately in this court and, on the motion of Hunter, was consolidated with her case.

proceed to trial, the plaintiffs requested appellate review of two rulings made by the judge under Mass.R.Civ.P. 64(a), as amended, 423 Mass. 1403 (1996). The judge reported the cases to this court.

The plaintiffs claim that the judge erroneously denied their motions for summary judgment by not giving preclusive effect to a judgment in an earlier Land Court case, and erred in concluding that the defendants have sufficient interest in their titles to challenge the plaintiffs' adverse possession claims. The defendants argue that the report of the case was improper under rule 64, and appellate review should thus be denied; and that the Land Court judge did not abuse his discretion in declining to apply collateral estoppel principles.

1. *Report of the cases under Mass.R.Civ.P. 64.* The report properly was made under rule 64. The Massachusetts Rules of Civil Procedure "govern the procedure . . . in the Land Court." Mass.R.Civ.P. 1, as amended, 423 Mass. 1404 (1996). The defendants mistakenly attempt to fashion a ground for denying appellate review of the report by claiming that no authority exists in G. L. c. 231, § 111. That attempt overlooks the plain language of rule 64.[2] Rule 64 imports the same authority of a judge to report an interlocutory finding or order as is available to the Superior Court judges in G. L. c. 231, § 111, second par. Moreover, "[r]ule 64 must be read in conjunction with [Mass. R.A.P. 5, as amended, 378 Mass. 930 (1979),] which provides that a report is the equivalent of a notice of appeal for purposes of the Massachusetts Rules of Appellate Procedure." Reporters' Notes to Mass.R.Civ.P. 64, Mass. Ann. Laws Court Rules, Rules of Civil Procedure, at 1141 (LexisNexis 2004). Although no appellate decisions concerning cases reported from the Land Court under rule 64 have been brought to our attention, nor have we

---

[2]Rule 64(a) provides in relevant part: "If the trial court is of opinion that an interlocutory finding or order made by it so affects the merits of the controversy that the matter ought to be determined by the appeals court before any further proceedings in the trial court, it may report such matter, and may stay all further proceedings except such as are necessary to preserve the rights of the parties." See Reporters' Notes to Mass.R.Civ.P. 64, Mass. Ann. Laws Court Rules, Rules of Civil Procedure, at 1141 (LexisNexis 2004) ("Since there is no procedure for appeal of an interlocutory order, compare the federal practice . . . , a judge's authority to report a decisive order is the only effective way to obtain appellate review at an early stage of litigation").

found any, it is apparent that this case properly was reported and docketed pursuant to rule 64, and is an interlocutory order that "so affects the merits of the controversy" that an appellate decision is required before further proceedings take place in the Land Court. We review the issues raised in the report.

2. *Background.* The lots in dispute appear as portions of the approximately forty-acre parcel shown on the recorded "Plan of Waquoit Park and Proposed Streets situated in the Town of Mashpee — Mass. Owned by Jefferson Realty Company," dated April, 1913. The Bourque plaintiffs purchased their lots, identified as 241 Monomoscoy Road, from predecessors in title in 1985. Hunter purchased her lots, identified as 190 Monomoscoy Road, from predecessors in title in 1997. The defendants Kalweit and Cayer obtained their deeds for these same lots in 1999 from a commissioner first appointed in 1994, by the Probate Court pursuant to a partition and sale ordered by that court. See note 3, *infra.*

3. *The cases in the Land Court.* Following filing of their complaints in 1999, and various preliminary proceedings, the plaintiffs filed motions for summary judgment in February, 2002, after the parties submitted a joint statement of agreed facts, together with exhibits. The plaintiffs asserted that the defendants could not establish title because earlier litigation in the Land Court, Brown *vs.* DeLory, Misc. No. 182418 (Land Ct. May 31, 1995), resulted in a decision adverse to the defendants, and the judgment in that case should be given preclusive effect in the present case to prevent the defendants from litigating their titles. The plaintiffs argue that without title the defendants would be unable to contest the plaintiffs' claims of adverse possession. The plaintiffs seek review of the judge's rulings that (1) the defendants are not collaterally estopped from claiming title, and (2) that the defendants have sufficient title interest to challenge the plaintiffs' claims.

4. *Discussion.* "The basic issue central to any report made under rule 64 is the correctness of the judge's finding or order." *Globe Newspaper Co.* v. *Massachusetts Bay Transp. Authy. Retirement Bd.,* 412 Mass. 770, 772 (1992), and authorities cited. See *Barnes* v. *Metropolitan Hous. Assistance Program,* 425 Mass. 79, 84 (1997).

The plaintiffs principally claim that the issue of the defendants' title was litigated in Brown *vs.* DeLory, and that the defendants are estopped from claiming title by that decision. In July, 1992, Mary R. Brown, claiming an interest in portions of the approximately forty-acre parcel referred to above, filed a petition for partition in the Probate Court,[3] and then in August, 1992, she filed an action in the Land Court against Robert A. DeLory and Pauline F. DeLory. The latter action resulted in the Brown *vs.* DeLory decision in 1995. Although that case did not concern the same lots that are in issue in the present case, it involved the determination of claims of titles for other lots in the approximately forty-acre parcel. The Land Court judge in Brown *vs.* DeLory (not the same judge as in the present case) determined that neither Brown nor the DeLorys could show good title because of gaps in their chains of title. *Id.* at slip op. 2-3. The judge concluded Brown failed on her claim for a writ of entry, and ordered that the DeLorys "shall retain possession of [their] Locus until such time as the true owner may be determined."[4] *Id.* at slip op. 8.

The Land Court judge in this case properly declined the plaintiffs' request to give preclusive effect to the Brown *vs.* De-Lory decision. A plaintiff may use collateral estoppel offensively "to prevent a defendant from litigating issues which the defendant has previously litigated unsuccessfully in an action against another party." *Whitehall Co.* v. *Barletta*, 404 Mass. 497, 501 n.9 (1989). "Before a party will be precluded from re-litigating an issue, a court must determine that (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication." *Tuper* v. *North Adams Ambulance Serv., Inc.*, 428 Mass. 132, 134 (1998).

Although the defendants acquired their titles through the commissioner's deeds, in tracing the underlying chains of these

---

[3] It is from the Probate Court's subsequent order of partition and sale that the defendants Cayer and Kalweit obtained their lots.

[4] It *does not appear* that an appeal was taken from the Land Court's decision in Brown *vs.* DeLory.

titles, the judge in this case concluded that those titles suffered from the same defects as were noted in Brown *vs.* DeLory. Since Brown and the defendants in the present case share the same chain of title, the defendants may be seen as parties in privity with Brown, but because the judgment in Brown *vs.* De-Lory made no determination of ownership, there was no issue successfully litigated that precludes litigation of the ownership of the lots in issue in the present case. Just as Brown *vs.* De-Lory left the determination of the "true owner" for another day, the judge in this case properly ordered the parties to proceed to trial.[5]

There also is no indication that the judge abused his discretion in not giving preclusive effect to Brown *vs.* DeLory. In his decision, the judge stated: "Despite bringing an action to try title against [the defendants], [the plaintiffs] now contend[] that [the defendants are] collaterally estopped from claiming ownership of locus." Preclusion would unfairly deny the defendants an opportunity to defend their titles in the action the plaintiffs set out to try. Compare *Bar Counsel* v. *Board of Bar Overseers,* 420 Mass. 6, 11-12 (1995).

The second issue raised by the plaintiffs concerns whether the defendants have sufficient interest in their lots to provide standing to defend.[6] We think the judge adequately indicated that the defendants have sufficient interest in their lots by stating that the defendants' claims are based on the commissioner's deeds. The plaintiffs make several assertions concerning the state of titles derived from partition actions and raise questions

---

[5] The plaintiffs in the present case mistakenly rely on the judge's quotation from the judgment in Brown *vs.* DeLory, that Brown "has failed to demonstrate that she holds any title interest," to assert that Brown had *no* title interest. The judge in this case noted that there was "[n]othing in the [Brown *vs.* DeLory] judgment indicat[ing] that it was entered with prejudice." An examination of the Brown *vs.* DeLory decision also does not support the plaintiffs' assertion that Brown held no title interest.

[6] Although the judge noted that the plaintiffs contended that if the defendants are barred from litigating an interest in their lots, they would lack standing to challenge the adverse possession claims of the plaintiffs, the plaintiffs do not argue standing on appeal and we therefore do not consider the issue. Mass. R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

about the Probate Court proceeding in this case.[7] Any questions concerning the validity vel non of the defendants' commissioner's deeds may be addressed in the further proceedings to try title. See G. L. c. 240, §§ 1-5.

4. *Conclusion.* We summarize our review of the rulings requested by the plaintiffs as follows: The judge properly concluded that the Land Court case, Brown *vs.* DeLory, should not be given preclusive effect, and the judge properly concluded that the defendants have sufficient title interest to defend against the plaintiffs' claims. Accordingly, the cases shall stand for further proceedings in the Land Court.

*So ordered.*

---

[7]The plaintiffs again rely on their conclusory assertion that Brown *vs.* De-Lory determined that if Brown had no title then the defendants could have no title, see note 5, *supra*, and that because the defendants offered no further evidence in support of their chains of title, the plaintiffs are entitled to summary judgment. There is no merit in this argument. In denying the plaintiffs' motions for summary judgment, the judge properly left the determination of titles for trial.